C. B. WANDELOHR ET AL. V. ANSON RAINEY ET AL.

No. 1552.

ADELAIDE WANDELOHR ET AL. V. GRAYSON COUNTY NATIONAL BANK
ET AL.

No. 1595.

C. B. WANDELOHR ET AL. V. GRAYSON COUNTY NATIONAL BANK ET AL.

No. 1596.   Decided April 3, 1907.

**1.—Appeal Bond—Corporate Name.**

An appeal bond made payable to the "Grayson County National Bank defendant in said cause," sufficiently identified the obligee, though it omitted the words "of Sherman" which constituted a part of the corporate name.   (P. 474.)

**2.—Appeal Bond—Omission of Parties.**

Defendants who had no interest in the property involved in the litigation and as to whom the judgment was that plaintiffs take nothing and defendants recover costs, were not necessary parties to an appeal by plaintiffs from a judgment in which other defendants recovered the property from them.   (P. 474.)

**3.—Appeal Bond—Sureties—Affirmance on Certificate.**

Sureties upon plaintiffs' replevy bond who did not unite with plaintiff in giving notice of appeal did not become parties thereto by uniting with plaintiff in executing the appeal bond; and it was error to affirm the case as to them on certificate.   (Pp. 474, 475.)

**4.—Same—Writ of Error.**

Sureties on plaintiffs' replevy bond who had not joined in an appeal by plaintiffs, were entitled to bring up the judgment against them on writ of error, though, on the appeal, judgment had been rendered affirming the recovery on certificate, for failure to file transcript in time, both as to the plaintiffs and such sureties.   (P. 475.)

**5.—Transcript—Refusal of Leave to File—Writ of Error—Mandamus.**

The refusal by the Court of Civil Appeals of leave to file transcript is not a final judgment from which writ of error will lie to the Supreme Court; if erroneous the only ·remedy is mandamus from the Supreme Court to require such filing; and such relief will be granted.   (P. 475.)

Error to the Court of Civil Appeals for the Fifth District, on writ of error from Grayson County.

*Galloway & Vorrell* and *Don A. Bliss,* for plaintiffs in error.—Judgment can not be affirmed on certificate unless appeal is perfected.   Rev. Stats., art. 1016; Davis v. Estes, 4 Texas Civ. App., 207; Mills v.· Bagby, 4 Texas, 320; Martin v. Latimer, 4 Texas, 335; Chambers v. Miller, 7 Texas, 75; Loftin v. Nalley, 28 Texas, 127.

Appeal is not perfected unless notice is given in open court.   Rev. Stats., art. 1402, 1406; Mills v. Bagby, 4 Texas, 320; Tynberg v. Cohen, 76 Texas, 409; Schloss v. Atchison, T. & S. F. Ry. Co., 4 Texas Civ. App., 177; Western U. T. Co. v. O'Keefe, 87 Texas, 423; Wichita V. Ry. Co. v. Peery, 88 Texas, 378; San Antonio & A. P. Ry. Co. v. McDonald, 31 S. W. Rep., 72; Clark v. Burk, 35 S. W. Rep., 27.

In order to perfect an appeal the bond must be payable to all the parties to the suit adversely interested.   Rev. Stats., arts. 1402, 1404-1406; Young v. Russell, 60 Texas, 684; Greenwade v. Smith, 57 Texas, 195; Meade v. Bartlett, 77 Texas, 366; McAlister v. Godbold, 29 S. W. Rep., 417; Grant v. Collins, 5 Texas Civ. App., 45; Packenius v. Petri, 29 S. W. Rep., 1096; Friedman v. Dockery, 34 S. W. Rep., 768; Weems v. Watson, 39 S. W. Rep., 135; Bauer v. Adkins, 28 S. W. Rep., 1009; Hermann v. Likens, 90 Texas, 448; Hugo v. Seffel, 92 Texas, 414.

The foregoing statutes were not repealed or affected by Rev. Stats., art. 1025.   Rev. Stats., arts. 1025, 1400, 1402, 1404-1406; Hugo v. Seffel, 92 Texas, 414; Williams v. Wiley, 96 Texas, 148; McMullen v. Hodge, 5 Texas, 37; Selman v. Wolfe, 27 Texas, 72; Hanrick v. Hanrick, 54 Texas, 101; St. Louis S. W. Ry. Co. v. Kay, 85 Texas, 559; Cargill v. Kountze, 86 Texas, 386; Johnson v. Hanscom, 90 Texas, 321; Sydnor v. Chambers, Dall., 601.

The appeal in this case attempted a removal of the entire cause to the Appellate Court, and the judgment could not be partially affirmed on certificate.   Hamilton v. Prescott, 73 Texas, 565; Bradford v. Taylor, 64 Texas, 169; McRae v. McWilliams, 58 Texas, 328; McIlhenny v. Lee, 43 Texas, 205; Acklin v. Paschal, 48 Texas, 147; Robinson v. Schmidt, 48 Texas, 13; Burleson v. Henderson, 4 Texas, 49; Higgins v. Rinker, 47 Texas, 401.

Notice of appeal in the trial court is necessary to the jurisdiction. Western U. T. Co. v. O'Keefe, 87 Texas, 423; Wichita V. Ry. Co. v. Peery, 88 Texas, 378.

The failure of their principal to prosecute an appeal did not prevent the sureties from prosecuting writ of error.   Hendrick v. Cannon, 5 Texas, 248; Cheatham v. Riddle, 8 Texas, 166; Sartain v. Hamilton, 14 Texas, 348; Trammell v. Trammell, 15 Texas, 291; Herndon v. Bremond, 17 Texas, 432.

*A. L. Beaty,* for defendants in error.—The notice of appeal given by Mrs. Wandelohr inured to the benefit of those on her replevy bond, so that, upon giving a joint appeal bond, they all became appellants, and bound by the result.   Wandelohr v. Grayson County Nat. Bank, 90 S. W. Rep., 180; Lange v. Fritze, 53 S. W. Rep., 583; McKay v. Irion, 4 App. C. C., 184.

Regardless of whether the notice so inured, and of whether Wandelohr, Waples and Gunter were technically appellants, they, having joined in the bond, were actual parties to Mrs. Wandelohr's appeal, and are therefore bound by the result.   Williams v. Wiley, 96 Texas, 148; Hugo v. Seffel, 92 Texas, 414; Duren v. Houston & T. C. Ry. Co., 86 Texas, 291; Cameron v. Cates, 22 Texas Civ. App., 577; Harris v. Simmang, 29 S. W. Rep., 668.

GAINES, CHIEF JUSTICE.—These three appellate proceedings grow out of the same case.

The original suit grew out of the following facts:  Adelaide Wandelohr, the wife of C. B. Wandelohr, owned as her separate property a lot in the city of Sherman, upon which a warehouse was situated.   On or about September 30, 1899, Adelaide Wandelohr, joined by her husband,

conveyed the lot in controversy to a purported corporation known as the Sherman Grain Company, for a recited consideration of $7,500. The alleged corporation was composed of C. B. Wandelohr, J. A. Price and F. C. Gribble. On the 4th of October, 1899, the alleged corporation executed five bonds, each for $1,000, and at the same time executed a deed in trust on the lot to J. W. Blake for the purpose of securing the bonds, which had been hypothecated with the Grayson County National Bank as security for a line of credit. Again, March 3, 1893, Adelaide Wandelohr, joined by her husband, conveyed the lot to J: P. Everhart. Thereupon Everhart conveyed it to C. B. Wandelohr. About the same date the Sherman Grain Company also conveyed the lot to Everhart. The consideration of the conveyance from Everhart to Wandelohr was $8,-667.70, to be paid as evidenced by five promissory notes, to secure which a vendor's lien was retained in the deed, and Wandelohr executed a deed in trust upon the property to W. P. Head, as trustee, with a power of sale, to secure the notes given by him for the purchase money. On the first Tuesday in April, 1904, the trustee, under the latter mortgage, at the request of the Sherman Grain Company, then the holder of the notes, sold the property at public outcry to the bank for the sum of $6,800.

The suit was brought by Adelaide Wandelohr, joined by her husband, to cancel the conveyances, and to remove them as clouds upon her title. The Bank reconvened in the suit, and sought to recover the possession of the property. It also sued out a writ of sequestration, which was levied upon the lot; whereupon Adelaide Wandelohr and her husband, with Jot Gunter and Paul Waples as sureties, executed a replevy bond by virtue of which the possession was restored to her.

Upon the trial judgment was rendered for all the defendants—that the plaintiffs take nothing by the suit—and in favor of the defendant bank, upon its plea in reconvention, that it recover the title and possession of the lot in question; and that it recover of the plaintiff Wandelohr, and Paul Waples and Jot Gunter, the sureties on the replevy bond, $1,800 for rents of the property, and also against Wandelohr individually $2,836.70, the balance due on the notes given by him to Everhart, after deducting the amount of its bid at the trustee's sale.

Adelaide Wandelohr filed a motion for a new trial, which, being overruled, she alone gave notice of appeal. In due time she, joined by her husband, pro forma, and Jot Gunter and Paul Waples, as principals, and J. C. Waples and Willard Burton, as sureties, executed and filed with the clerk of the District Court of Grayson County an appeal bond, payable to the Grayson County National Bank and to the Sherman Grain Company. The transcript for this appeal not having been filed in the Court of Civil Appeals within ninety days from the perfecting of the appeal, the appellees applied to the Appellate Court for an affirmance on certificate, which, after resistance, was granted. Appellants, Mrs. Wandelohr, and Gunter and Waples, her coobligors in the appeal bond, having made a motion for a rehearing in that court, it was overruled. Thereupon the appellants made an application to this court for a writ of error, and it was granted, and the cause was docketed as No. 1595.

Thereafter, on the 1st of July, 1905, Adelaide Wandelohr, joined by her husband, C. B. Wandelohr, Paul Waples and Jot Gunter, sued out

a writ of error to the Court of Civil Appeals, giving bond with sureties, as required by law, and, having caused a transcript of the proceedings to be made, presented it to the clerk of the Court of Civil Appeals for the Fifth Supreme Judicial District with the request that it be filed. This the clerk, acting under the direction of the judges of that court, declined to do. Thereupon the plaintiffs in error in that writ filed a motion in that court praying the court to order the clerk to mark the transcript "filed." The motion having been overruled, the plaintiffs in error in that case filed in this court a motion to file a petition for a mandamus against the Chief Justice and Associate Justices of the Fifth Supreme Judicial District, to compel them to order the transcript to be filed. That motion having been granted, the petition for the writ of mandamus was filed, and docketed as cause No. 1552 in this court.

The plaintiffs in error, except Mrs. Wandelohr, in the Court of Civil Appeals, have also applied for a writ of error in this court from the order refusing to direct the clerk to file the transcript, which has been granted, and the cause docketed as No. 1596.

When we granted the writ of error in cause No. 1552 (the case in which error was assigned to the action of the court in affirming the judgment on certificate), we were of opinion that the appeal bond was good as to Mrs. Wandelohr, but that it did not make Waples and Gunter parties to the appeal. We are still of that opinion. We think there is nothing in the objection to the bond, that the name of "The Grayson County National Bank of Sherman" is not truly given in the appeal bond. In giving the name, the words "of Sherman" are omitted; but in the recitals it is mentioned as "the defendant, the Grayson County National Bank," and the obligation to pay is to "the said Grayson County National Bank and to the Sherman Grain Company, defendants in said cause." These unmistakably identify the obligees in the bond, and it is a matter of no moment that the name of the defendant bank was not given in full.

The only other ground upon which we can see any good reason to question the sufficiency of the bond is the fact that two of the defendants in the suit, to wit, Everhart and Head, and in whose favor a judgment was rendered against the plaintiffs that they take nothing, and that they recover of them their costs, are not made obligees. These parties are not mentioned in the copy of the judgment, which is made a part of the certificate of affirmance. If the proceedings were such as made these defendants necessary parties to the appeal, it was proper for the appellants, in their resistance to the affirmance, to have shown it. If the Court of Civil Appeals were at liberty to have looked to the transcript, which was prepared for the writ of error, and which had been presented to the clerk of the court for filing, it would have appeared that neither Everhart nor Head had any interest in the property, and that the controversy as to the title was wholly between the other parties to the suit. They were clearly entitled to a judgment in their favor. Why, then, should Mrs. Wandelohr make them parties to her appeal, if she did not wish to appeal from the judgment in their favor? We conclude that neither Everhart nor Head were necessary parties to the appeal, and that the appeal bond was good.

But we are also of opinion that Gunter and Waples were not proper

parties to the appeal, although they signed the appeal bond, and that therefore it was error to affirm the judgment as to them. Not having given notice of appeal, they could not, by joining in the bond of Mrs. Wandelohr, give the Court of Civil Appeals jurisdiction. over them, the judgment of affirmance will therefore be reformed so as to affirm as to Mrs. Wandelohr only.

Gunter and Waples, not having appealed, were entitled to their writ of error. The fact that Mrs. Wandelohr joined with them in the petition for the writ, and in giving the writ of error bond, did not deprive them of the right of having the proceedings reviewed as to them.

It follows that, in our opinion, the Court of Civil Appeals should have ordered the transcript on the writ of error to that court from the District Court to be filed. But the question presents itself, Is the writ of mandamus the proper remedy? Our statutes provide that "all causes shall be carried to the Supreme Court upon writs of error upon final judgment," etc. (Rev. Stats., art. 941.) The order of the Court of Civil Appeals, refusing to take jurisdiction of a cause and to permit the transcript to be filed, is not, in our opinion, a final judgment. (Harrington v. Holler, 111 U. S., 796.) There being no other remedy, we think a writ of mandamus should lie. (Harrington v. Holler, supra; see also, In re Pennsylvania Co., 137 U. S., 451; German National Bank v. Speckhert, 181 U. S., 405; Kleiber v. McManus, 66 Texas, 48.) The able and exhaustive opinion of Judge Sherwood, in the case of the State v. Philips, 97 Mo., 331, is instructive upon this question.

Accordingly, the writ of error in cause No. 1596 is dismissed at the cost of the plaintiffs in error, and the writ of mandamus, as prayed for in cause No. 1552, is awarded, the defendants in error in the case in which the transcript was sought to be filed to pay the costs of the mandamus proceeding.