Chicago Title & Trust Co., Trustee, Defendant in Error, v. The Kemler Lumber Co., Plaintiff in Error.

## Gen. No. 14,676.

1. LANDLORD AND TENANT—*when estoppel to question validity of lease arises.* If a lease is defectively executed on the part of the lessor, the lessee, by accepting it and in virtue of its condition taking possession of the premises demised and paying rent therefor in accord with its terms, is estopped to challenge the method of its execution by the lessor.

2. LANDLORD AND TENANT—*effect of assignment to validate execution.* A defective execution by the lessor is validated by the assignment under seal of the lease by the lessee.

3. CORPORATIONS—*what does not invalidate execution by.* The execution of a lease by a corporation is not invalidated because the corporate seal does not exactly correspond with the corporate name.

4. MUNICIPAL COURT—*when plea of set-off inappropriate.* A plea of set-off is inappropriate if not conformable to the practice regarding the particular class of cases in which it is filed.

5. MUNICIPAL COURT—*when judgments not subject to review.* In the manner of review the Appellate Court has yielded its judgment to the observance of the distinctions as to the classes of actions under the Municipal Court Act, and denied the right to such review where the plaintiff in error has failed to invoke the court's jurisdiction within the time provided for in cases of the fourth class.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 22, 1909.

GUSTAV E. BEERLY, for plaintiff in error; EDWARD MAHER, of counsel.

JOHN S. STEVENS, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

James B. Hobbs leased to defendant certain premises in Chicago for a term of five years from November 15, 1903, at a rental of $166.66 per month after the first two years of the term. This action is for rent for the month of November, 1907. The lease was offered in evidence and appears to have been executed by the parties in the following manner:

"Schloeder and Kemler Co.  JAMES B. HOBBS (SEAL)
  Corporate Seal.          by FRED W. CORNISH, Agt.
  Chicago, Ill.    by W. W. RATHBORNE, President.
      Attest.         GEO. J. KEMLER, Secretary."

Under this lease defendant took possession of the premises demised and enjoyed the same and paid rent according to the terms of the lease to the lessor until he parted with his title to the plaintiff, and thereafter paid rent to plaintiff until the month's rent in suit was due. The deed from Hobbs to plaintiff was, together with the lease and its assignment, offered and received in evidence. The assignment of the lease is in these words:

"Chicago, Nov. 13, '06.
For value received I hereby assign all my right, title and interest in the within lease to the Chicago Title & Trust Company, Trustee, and to the rentals from Dec. 1st, 1906.

JAMES B. HOBBS. (Seal)"

Defendant pleaded *non assumpsit* and set-off in the sum of $2000. The plea of set-off on motion of plaintiff was stricken from the files.

- A jury was impaneled to try the cause, and after all the proofs were concluded the court instructed the jury to find a verdict for plaintiff for the amount of its claim, and entered judgment thereon after overruling a motion for a new trial.

It is urged for reversal that the lease was not admissible in evidence as not being formally executed by Hobbs or by defendant, and that defendant's plea of set-off should have been retained and his claim tried in this suit. While the lease is defectively executed on the part of Hobbs, yet defendant, by accepting it and in virtue of its conditions taking possession of the premises demised and paying rent therefor, in accord with its terms, is estopped to challenge the method of its execution by the lessor. Moreover, from the facts last recited and the receiving of rent by the lessor, he ratified and adopted as his own the execution of the lease in his name by his agent. To further validate the execution by Hobbs, his assignment under seal of the lease to plaintiff was a sufficient recognition of the act of his agent to forever estop him from calling it in question. Roby v. Cossitt, 78 Ill. 638.

The execution by defendant was not invalidated because the corporate seal did not exactly tally with the corporate name of defendant. It was its corporate seal, and it had a right to adopt a seal in such form as it might choose. On the other hand, if the lease is not well executed in form, it became binding upon defendant by acceptance of the lease, the going into possession of the premises described in the lease and the paying of rent in accord with the rent reserved to be paid by the terms of the lease. Defendant attorned to plaintiff by paying all rent due under the lease from the time of its assignment to plaintiff until the accruing of the month's rent the subject of this litigation.

This action is of the fourth class in the Municipal Court and the claim of set-off would come within those causes cognizable as of the first class. Had the plea of set-off been such as to have brought the cross cause

into the fourth class under the Municipal Court Act, then the plea should have been allowed to stand; but it clearly came within another class and was not, for that reason, germane to the main suit or a proper subject of counterclaim. No written pleadings were required in the main suit, while such pleadings are made necessary in cases of the first class, of which class was defendant's counterclaim. In the two classes different scales of costs obtain. The Municipal Court Act preserves the distinctions between actions or claims cognizable in the Municipal Court and has divided them into classes. These distinctions must be given effect and each action confined within the class designated by the Act. Such rule should be held to govern cross actions as strictly as original actions. In the matter of review this court has yielded its judgment to the observance of the distinctions as to classes of actions under the Municipal Court Act, and denied the right to such review where the plaintiff in error had failed to invoke the court's jurisdiction within the time provided for cases of the "fourth class." Schindler v. Edwards, 134 Ill. App. 637; Benjamin v. Chicago, Ind. & Louis. Ry. Co., Gen. No. 13802, not reported.

The judgment of the Municipal Court is affirmed.

*Affirmed.*