### J. P. CASEY, JR., v. C. B. BELL ET AL.

No. 2242. Decided May 31, 1911.

**Jurisdiction of Supreme Court—Final Judgment.**

An order of the Court of Civil Appeals refusing an appellant leave to file the transcript after expiration of the time fixed by statute therefor is not a final judgment; no writ of error lies; appellant's remedy was by mandamus if the order was erroneous. Wandelohr v. Rainey, 100 Texas, 471, followed. (Pp. 238, 239.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from El Paso County.

*R. H. Ward,* for plaintiff in error.

*W. M. Peticolas* and *J. H. McBroom,* for defendant in error.

MR. JUSTICE RAMSEY delivered the opinion of the court.

On May, 4, 1910, judgment was rendered in favor of C. B. Bell against J. P. Casey in the District Court of El Paso County for the sum of $23,250. The original and amended motion for new trial was in that court overruled on July 2, and the appeal was perfected on July 19 of that year. The transcript of the record was under the rules required to be filed in the Court of Civil Appeals for the Fourth Supreme Judicial District on or before October 17, 1910. The record before us shows that the statement of facts and the printed brief, filed on behalf of the plaintiff in error, was prepared and forwarded from El Paso on October 14, in time to have been received and filed by the clerk of the Court of Civil Appeals on or before October 17 The record proper, however, was not tendered to be filed until October 28 thereafter, when a motion was filed in the said court for permission to file the transcript then apparently in due order, complete and properly certified to. This motion was overruled by the Court of Civil Appeals on the ground, in substance, that a complete transcript, with the exception of one lost bill of exception, could have been obtained in ample time to have filed same in the court before October 17, and that this should have been done, and the lost bill of exception substituted and these proceedings brought up by certiorari. That court also held that the transcript in question, with full knowledge of the facts stated, was held until after the time had expired for filing same, and that under all the facts no valid cause for the delay in filing the said transcript had been assigned, but, on the other hand, it appeared from the showing made that the record was deliberately held by appellant while he was discussing the matter of the lost bill of exception with the deputy clerk, and having notice of the motion to substi-

tute served on the defendants in error. The writ of error in this case we now see was improvidently and improperly granted and under the authorities it is clear that this court is without jurisdiction to hear and determine the case.

In the case of Wandelohr v. Rainey, 100 Texas, 471, it appeared the Court of Civil Appeals declined to allow the transcript on writ of error from the trial court to be filed. This court having determined that the action of the Court of Civil Appeals was without legal sanction, the question arose as to whether or not the writ of mandamus was the proper remedy. In discussing the matter Judge Gaines said: "It follows that, in our opinion, the Court of Civil Appeals should have ordered the transcript on the writ of error to that court from the District Court to be filed. But the question presents itself, Is the writ of mandamus the proper remedy? Our statutes provide that 'all causes shall be carried to the Supreme Court upon writs of error upon final judgment,' etc. (Rev. Stats., art. 941.) The order of the Court of Civil Appeals, refusing to take jurisdiction of a cause and to permit the transcript to be filed, is not, in our opinion, a final judgment. (Harrington v. Holler, 111 U. S., 796.) There being no other remedy, we think a writ of mandamus should lie. (Harrington v. Holler, supra; see also, In re Pennsylvania Co., 137 U. S., 451; German National Bank v. Speckert, 181 U. S., 405; Kleiber v. McManus, 66 Texas, 48.) The able and exhaustive opinion of Judge Sherwood, in the case of the State v. Phillips, 97 Mo., 331, is instructive upon this question."

We think on the authority of that case and in reason that the orders of the Court of Civil Appeals in respect to matters of this kind are not such final judgments as would authorize writs of error, but in such case a proper proceeding should be by mandamus. If in this case we should entertain a different view from the Court of Civil Appeals (and we are not at all assuming to entertain such different view) and reverse its judgment, it would merely have the effect to send the case back to that court for determination. It was never intended, we think, that the writ of error should be used to revise preliminary orders and judgments of the Courts of Civil Appeals, touching the filing of transcripts, briefs and matters of that sort.

Having concluded that we had improperly granted the writ of error, it only remains for us to dismiss the application for want of jurisdiction to entertain the same. See also Knickerbocker Ins. Co. v. Comstock, 16 Wall., 259; Chicago & A. Ry. Co. v. Wiswall, 23 Wall., 507.

*Writ of error dismissed.*