CARR et al. v. McDUFFIE. (No. 7653.)

(Court of Civil Appeals of Texas. Dallas. Dec. 23, 1916. Rehearing Denied Jan. 13, 1917.)

APPEAL AND ERROR ⬖150(6) — SURETY — RIGHT OF REVIEW.

Sureties on a replevy bond cannot maintain an appeal from a judgment against their principal without joining him where the judgment is not against them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 944, 945; Dec. Dig. ⬖150(6).]

Appeal from Dallas County Court; T. A. Work, Judge.

Action by R. H. McDuffie against G. W. Carr, in which attachment was levied on property of the Blackfoot Fruit Growers' Association. Judgment against the Association, and L. C. McBride and H. F. Archinard, sureties on its replevy bond, appeal. Appeal dismissed.

Cockrell, Gray & McBride, of Dallas, for appellants.

TALBOT, J. The appellee has filed no brief in this court, and we take from the brief of appellants the following statement of the case:

This action was brought January 21, 1913, in justice court, precinct No. 1, Dallas county, Tex., by R. H. McDuffie as plaintiff against the defendant G. W. Carr to recover $120. Carr was the sole defendant as named in citation. Contemporaneously with filing the suit, plaintiff made affidavit for attachment, stating therein that G. W. Carr and "Blackfoot Fruit Growers' Association" were indebted to him in the sum of $120, for brokerage, loss, damage, and profit on three cars of potatoes. The attachment was served January 21, 1913, by levy upon the three cars of potatoes. The attachment "was issued against the property of G. W. Carr only, and was so served." January 22, 1913, Blackfoot Fruit Growers' Association replevied the three cars of potatoes by executing the usual replevy bond in attachment with appellants, L. C. McBride and H. F. Archinard, as sureties thereon. As stated the citation of January 21, 1913, which was issued by the justice of peace, was to the defendant G. W. Carr only. No other citation at any time issued in said cause, except that thereafter on June 2, 1913, a foreign notice was issued by said justice of peace, which was addressed to and served upon the Blackfoot Fruit Growers' & Farmers' Association, at Blackfoot, Idaho; such service being made in the state of Idaho. Said foreign notice made no mention of the writ of attachment or the seizure of the property, but simply commanded the Blackfoot Fruit Growers' & Farmers' Association to appear and answer plaintiff's petition, the notice giving the nature of the demand in the following language: "And the nature of the plaintiff's demand, as stated in said petition being substantially, to wit: Suit of petitioner for the sum of one hundred twenty ($120.00) dollars." The case resulted in a judgment in the justice court entirely against the plaintiff. Appeal was taken to the county court. There the defendant G. W. Carr and L. C. McBride and H. F. Archinard as such sureties on said replevy bond in attachment of Blackfoot Fruit Growers' Association appeared, but neither Blackfoot Fruit Growers' Association nor Blackfoot Fruit Growers' & Farmers' Association ever made any appearance at all in the case. In the county court, after the evidence was heard, the court peremptorily instructed a verdict, and same was rendered in favor of the plaintiff, McDuffie, against defendant Blackfoot Fruit Growers' Association for the entire $120 sued for, and interest, and in favor of the defendant G. W. Carr, and judgment being rendered accordingly, this appeal is taken therefrom by L. C. McBride and H. F. Archinard, as sureties on said replevy bond in attachment.

There was no judgment whatever rendered against the appellants, McBride and Archinard, sureties on the replevy bond executed by Blackfoot Fruit Growers' Association. But appellants, as such sureties, insist that they had a right to resist judgment against their principal, and for that reason we presume they claim the right to appeal from the judgment rendered against said principal, although no judgment was rendered against them. At any rate they gave notice of appeal, filed an appeal bond in their own names as principals without their principal, the Blackfoot Fruit Growers' Association, joining in said appeal bond or the appeal, have filed a transcript of the record in this court, and upon assignments of error presented in their brief contend the judgment against the Blackfoot Fruit Growers' Association should be reversed.

In the view we take of the case the right of the Blackfoot Fruit Growers' Association to have the judgment against it reversed for the reasons urged by the appellants, had it seen fit to appeal from said judgment, will not be considered. We are of the opinion that since no judgment was rendered against the appellants, sureties on the replevy bond in attachment, and since the Blackfoot Fruit Growers' Association is not a party to this appeal, the appeal must be dismissed. We do not concur in the proposition of the appellants to the effect that it is settled law that they as sureties on the replevy bond had the right to resist the judgment against their principal in said bond, and to effect this appeal. The cases of Wood Grocery Co. et al. v. S. A. Pace Grocery Co., 99 S. W. 180, and Wandelohr v. Rainey, 100 Tex. 471, 100 S. W. 1155, cited by appellants in support of their proposition, are not in point, and we know of no authority that does support the proposition. In both of the cases cited by appellants judgment had not only been rendered against the principals in the bonds, but against the sureties, and to relieve themselves from the judgment against them, the right of the sureties to prosecute an appeal was recognized and allowed. Here no judgment has been rendered against the appellants from the consequences of which they seek to escape by a reversal of it. Their apparent purpose in the prosecution of this appeal is simply to have the judgment rendered against the Blackfoot Fruit Growers' Association, their principal in the replevy bond, set aside without subjecting it to an appearance in the case by joining in the appeal. They have not been aggrieved by the rendition of a judgment against themselves, and we do not think they can maintain this appeal for the benefit of their principal on the replevy bond.

The appeal is therefore dismissed.