disclose the usury, that it constitutes the sole and only contract between the parties, or even by directly stating in such instrument that the contract is free from the taint of usury.

This record, like many others which this court has to consider, is very voluminous. The application for the writ contains 330 pages of printed matter and cites numerous authorities. The other briefs and written arguments filed by counsel on both sides are also very voluminous. The transcript contains 394 pages and the statement of facts 424 pages, not counting numerous attached exhibits. We mention these matters to demonstrate the task imposed upon this court in passing on records of this size. We have attempted to discuss the important and controlling questions of law involved. We have also carefully considered all assignments presented by the application. In our opinion no reversible error is presented by this record. The judgments of the district court and of the Court of Civil Appeals are both affirmed.

T. R. Boone, of Wichita Falls, and C. P. Engelking, of Electra, for plaintiffs in error.

J. Shirley Cook and John A. Storey, both of Vernon, for defendants in error.

PER CURIAM.

By their application plaintiffs in error seek to bring here for review an order of the honorable Court of Civil Appeals of the Seventh District, overruling their motion to affirm the case on certificate. It would appear from the showing made in the application that the judgment of the Court of Civil Appeals is in conflict with the recent decision of this court in Jarrell et al. v. Farmers' & Merchants' State Bond Bank of Poth, Texas, 99 S.W.(2d) 281; but the order appealed from is interlocutory, and this court is therefore without jurisdiction to grant the application. It is accordingly dismissed for want of jurisdiction. Wandelohr v. Rainey, 100 Tex. 471, 100 S.W. 1155; Casey v. Bell, 104 Tex. 338, 137 S.W. 918.