### TEXAS ELECTRIC SERVICE COMPANY, Appellant,

v.

### COMMERCIAL STANDARD INSURANCE COMPANY, Appellee.

No. 18181.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 27, 1979.

Rehearing Denied Jan. 24, 1980.

Landon F. Son, Leeper & Priddy, and Laurance L. Priddy, Fort Worth, for appellant.

McBryde, Bogle & Green, and John F. Green, Jr., Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

A Plaintiff appeals a judgment dismissing its suit with prejudice after special exceptions to its Third Amended Original Petition were sustained and no further amendment was made. The suit was for recovery on a performance bond after the principal on the bond breached its contract with the plaintiff. The main question in this case is whether the plaintiff was required to plead which party to the contract and performance bond actually prepared the instruments, mutual mistake or other facts which would entitle the plaintiff to reformation of the instruments.

We reverse and remand.

Texas Electric Service Company, TESCO, entered into a contract with Everman Park Development Co., Inc. TESCO sued Everman Park for breach of contract and obtained a default judgment. Everman Park had given TESCO a bond to secure the performance of its obligations under the contract with TESCO. Commercial Standard Insurance Company was the surety on the bond. In the contract with TESCO and on the bond Everman Park was referred to as Everman Park Development Corporation. However, Everman Park's corporate seal was affixed to both instruments bearing the correct name of the corporation, Everman Park Development Co., Inc.

In its Original Petition against Commercial Standard for recovery on the bond, TESCO made the following allegations:

"III.

"On June 23, 1972, at Fort Worth, Texas, Plaintiff and Everman Park Development Co., Inc., 'principal,' contracted in writing whereby Plaintiff would construct underground electric service facilities to serve certain specified lots in the Southcreek addition to the City of Fort Worth in lieu of overhead service facilities and whereby principal promised to pay Plaintiff for this construction the sum of $7,448.00 on or before the 23rd day of June, 1975. A copy of the contract is attached hereto marked Exhibit 'A' and made a part hereof. The 'Principal' was erroneously named as Everman Park Development Corporation in this

contract and in the security undertaking described in the following paragraph.

### "IV.

"On June 23, 1972, as security for said payment, 'Principal' and Defendant duly executed and delivered to Plaintiff at Fort Worth, Texas, their undertaking whereby Defendant became obligated to pay Plaintiff $7,448.00 conditioned that the obligation would be void if 'Principal' paid Plaintiff $7,448.00 according to the terms and conditions of their contract, but if there were no such payment by 'Principal,' the obligation of Defendant would remain in full force and effect. A copy of the undertaking is attached hereto, marked Exhibit 'B' and made a part hereof."

In its Original Answer Commercial Standard specially excepted to TESCO's Original Petition as a whole in that the bond showed the principal as Everman Park Development Corporation rather than Everman Park Development Co., Inc. It excepted to paragraph III because it was not pled who or what caused the error alleged and whether the error constituted a mutual or unilateral mistake, consequently it was contended that the pleading was too vague to apprise Commercial Standard of what defense was required.

TESCO then amended its pleadings by filing its First Amended Original Petition. Paragraph III was amended as follows:

### "III.

"On June 23, 1972, at Fort Worth, Texas, Plaintiff and Everman Park Development Co., Inc., 'principal', contracted in writing whereby Plaintiff would construct underground electric service facilities to serve certain specified lots in the Southcreek addition to the City of Fort Worth in lieu of overhead service facilities and whereby principal promised to pay Plaintiff for this construction the sum of $7,448.00 on or before the 23rd day of June, 1975. A copy of the contract is attached hereto, marked Exhibit

'A' and made a part hereof. The 'Principal' was erroneously named as Everman Park Development Corporation in this contract and in the security undertaking described in the following paragraph. However, it was the true intent of all the parties involved that Everman Park Development Co., Inc. be the principal in the security undertaking and the contract to which it referred. This is evidenced by the corporate seal of Everman Park Development Co., Inc. being impressed on the original contract to which the security agreement refers."

In response, Commercial Standard filed its First Amended Original Answer. It reurged the special exceptions made to TESCO's Original Petition. The trial court held a hearing on the special exception to TESCO's First Amended Original Petition. It sustained Commercial Standard's special exception to Paragraph III.

In its Second Amended Original Petition TESCO amended Paragraph III as follows:

### "III

"On June 23, 1972, at Fort Worth, Texas, plaintiff and Everman Park Development Co., Inc., 'Principal', contracted in writing whereby plaintiff would construct underground electric service facilities to serve certain specified lots in the Southcreek addition to the City of Fort Worth in lieu of overhead service facilities and whereby principal promised to pay plaintiff for this construction the sum of $7,488 on or before the 23rd day of June, 1975. A copy of the contract is attached hereto, marked Exhibit 'A' and made a part hereof. The 'Principal' was erroneously named as Everman Park Development Corporation in this contract and in the security undertaking described in the following paragraph. The error occurred because the clerk who typed the contract and the security undertaking mistakenly believed that Everman Park Development Corporation was the correct name of the entity to be described while in fact the correct name of the entity to be described with Everman Park Devel-

opment Co., Inc. However, it was the true intent of all the parties involved that Everman Park Development Co., Inc., be the principal in the security undertaking and the contract to which it referred. This is evidenced by the corporate seal of Everman Park Development Co., Inc., being impressed on the original contract to which the security agreement refers."

In its Second Amended Original Answer Commercial Standard excepted to Paragraph III of TESCO's Second Amended Original Petition because it failed to allege which party prepared the contract and bond which named Everman Park Development Corporation and therefore failed to allege which party made the error. It thus concludes that the pleading is too vague to inform it of what proof it is required to meet. It additionally excepted on the ground that Paragraph III failed to allege that the mistaken belief of the clerk typing the instruments was, induced or caused by fraud or any unconscionable conduct or the part of it or any other party. Commercial Standard requested that the third and fourth sentences of Paragraph III be stricken.

The trial court held a hearing on the special exceptions to TESCO's Second Amended Original Petition. The trial court sustained these exceptions. Again TESCO amended its pleadings and filed its Third Amended Original Petition which provides in pertinent part as follows:

"III.

"On June 23, 1972, at Fort Worth, Texas, plaintiff and Everman Park Development Co., Inc., 'Principal', contracted in writing whereby plaintiff would construct underground electric service facilities to serve certain specified lots in the Southcreek addition to the City of Fort Worth in lieu of overhead service facilities and whereby principal promised to pay plaintiff for this construction the sum of $7,488 on or before the 23rd day of June, 1975. A copy of the contract is attached hereto, marked Exhibit 'A' and made a part hereof. In the contractual

negotiations between plaintiff and 'Principal', the words 'Everman Park Development Corporation' had been used as a shorthand description for the 'Principal', whose correct full name was 'Everman Park Development Co., Inc.'. When the contract attached as Exhibit 'A' was prepared, the principal was described as 'Everman Park Development Corporation,' in such contract. It was the intent of the plaintiff and the intent of the 'Principal' that these words be used to describe the 'Principal' Everman Park Development Co., Inc. The contract attached as Exhibit 'A' was prepared on a form furnished by the plaintiff with the names of the parties and other contractual terms being inserted at the appropriate places. Plaintiff does not know who actually typed in the names of the parties. It was the intent of the plaintiff and the intent of the 'Principal' that the principal named in the contract be Everman Park Development Co., Inc. This is evidenced further by the corporate seal of Everman Park Development Co., Inc., being impressed on the original of the copy of the contract which is attached as Exhibit 'A'.

"IV.

"On June 23, 1972, as security for said payment, 'Principal' and defendant duly executed and delivered to plaintiff at Forth Worth, Texas, their undertaking whereby defendant became obligated to pay plaintiff $7,488 conditioned that the obligation would be void if 'Principal' paid plaintiff $7,488 according to the terms and conditions of their contract, but if there were no such payment by 'Principal' the obligation of the defendant would remain in full force and effect. A copy of the undertaking is attached hereto, marked Exhibit 'B' and made a part hereof. As in the case of the contract, the words 'Everman Park Development Corporation' were used to describe the principal. It was the intent of the plaintiff, the defendant and the 'Principal' that these words would refer to Everman Park Development Co., Inc. The bond

undertaking was prepared on a form furnished by plaintiff. As in the case of the contract (Exhibit 'A') plaintiff does not know who actually typed in the terms of the bond, but plaintiff does know that it was the intent of the plaintiff, the intent of the defendant and the intent of the 'Principal' that the bond would apply to Everman Park Development Co., Inc., as principal. As in the case of the contract, the corporate seal of Everman Park Development Co., Inc., is affixed upon the original of the copy of the bond which is attached as Exhibit 'B' to this petition. In further explanation of these transactions, the deposition of George Mallick previously taken in this case is incorporated in this petition by reference as Exhibit 'C' at this point the same as if set out verbatim."

Commercial Standard filed its Third Amended Original Answer excepting to TESCO's Third Amended Original Petition. Its exceptions are as follows:

"Defendant specially excepts to the Plaintiff's Third Amended Original Petition and to the portions and for the reasons hereinafter stated, namely:

"(a) To the third sentence in Paragraph III thereof, because mere contractual negotiations between the alleged parties cannot entitle a party to reformation of their subsequent contract on the ground of mutual mistake; and therefore said sentence is irrelevant, immaterial, constitutes surplusage, and is highly prejudicial to the defendant, and for such reasons said sentence should be ordered stricken from said pleading.

"(b) To the last sentence in Paragraph IV thereof, because said sentence improperly incorporates in said pleading by reference the deposition referred to therein and attached as Exhibit 'C' to said pleading, all of which is improper and not permitted under Rule 59 of the Texas Rules of Civil Procedure; and consequently said sentence is improper, constitutes surplusage, and is highly prejudicial to this defendant, and should be ordered stricken from said pleading.

"(c) To the deposition marked Exhibit 'C' attached to said petition, because such deposition is improperly attached as an exhibit to said pleading, in that under Rule 59 of the Texas Rules of Civil Procedure the attachment of such deposition to such pleading is not permitted; and the attaching of such deposition as an exhibit to said pleading is improper and is highly prejudice to the defendant; and consequently the deposition marked Exhibit 'C' should be ordered stricken as an exhibit to said pleading.

"Of each and all of which special exceptions the defendant prays judgment of the Court."

The trial court upon hearing on these exceptions to TESCO's Third Amended Original Petition sustained each. TESCO refused to amend further claiming it did not know which party had prepared the instruments. Commercial Standard then filed a motion to dismiss TESCO's suit on the basis of the trial court's sustaining of its special exceptions to TESCO's second and third amended petition and TESCO's refusal to further amend. The trial court granted Commercial Standard's motion and dismissed the suit with prejudice.

Commercial Standard contends that TESCO has failed to preserve any error on appeal by failing to object or except to the trial court's rulings on the special exceptions and dismissal of the case. It claims there is nothing in the record to indicate TESCO objected or excepted to the sustaining of the special exceptions. It further alleges that TESCO neither objected or excepted to the dismissal of the case, nor made known to the court what action TESCO wanted the court to take on the motion to dismiss.

■ Texas Rule of Civil Procedure 373 provides that formal exceptions to rulings or orders of the court are unnecessary. It is sufficient that a party, at the time a ruling or order is made or sought, make known to the court the action that party desires the court to take. Prior to this rule the general rule was that exceptions to rulings and orders were necessary to pre-

serve error, if any, for appellate review. We note that much, if not all the authority cited by Commercial Standard predates Rule 373. Further, a review of the record indicates that TESCO did make its position known to the court. Commercial Standard's motion to dismiss provided in pertinent part as follows:

"A conference was held on November 27, 1978, with Mr. Laurance L. Priddy, attorney for the opposing party, Texas Electric Service Company, on the merits of this motion. Agreement could not be reached; therefore, it is presented to the Court for a determination.

". . .

"The plaintiff's attorney has also informed this Honorable Court and the defendant's attorney that the plaintiff will not file any other amended petition in this cause . . . ."

Further the trial court in its judgment of dismissal stated in part:

"On the 15th day of December, 1978, in the above entitled and numbered cause . . . came on to be heard the Defendant's Motion To Dismiss Plaintiff's Suit herein; and came said plaintiff and said defendant, appearing by and through their respective attorneys of record herein, for such hearing; and it appearing to the Court, after having read and considered said motion and the pleadings of the parties on file herein and the arguments of counsel with respect to said motion, . . . ."

■ Especially in light of the number of hearings held on this matter and amendments made by TESCO, the above is sufficient to establish that TESCO made its position known to the trial court. No formal exception was necessary and TESCO has properly preserved its points for appeal.

As reflected in their points of error and reply points, the parties disagree on whether this case should be characterized as a case of mistake or of mere misnomer. Consequently, there is disagreement about what allegations TESCO was required to include in its pleadings. Commercial Standard characterizes this case as one of mis-

take of the identity of the parties to the bond agreement with the remedy of reformation. It thus asserts Tesco had the burden to plead facts showing mutual mistake and entitlement to reformation including as follows:

"1. That the parties to the instrument had made a prior oral agreement, and what that oral agreement was . . . . .

"2. That a mistake occurred in reducing that oral agreement to writing . . . .

"3. That the mistake was a mutual mistake, being a mistake common to all parties to the agreement, all of which parties laboring under the same misconception as to the terms of the written instrument . . . . .

"4. Or, if not a mutual mistake, that the mistake was a unilateral mistake, being a mistake on his part that was induced by fraud or inequitable conduct of the other party or parties . . . . ."

Commercial Standard contends that because TESCO failed to plead these elements the trial court was correct in sustaining its special exceptions and in dismissing the case with prejudice.

TESCO characterizes this case as one of misnomer rather than mistake. It contends that the failure to properly use Everman Park's "company" and "incorporated" designations is merely a slight misnomer which will not require it to plead mistake and reformation. It alleges that using Everman Park Development Corporation was a shorthand way of referring to the principal of the contract and bond. Further, it notes that the presence of the corporate seal on the instrument bearing the correct name of the corporation created at most an ambiguity as to the true name of the entity which may properly be explained by parol evidence admissible under the allegations of its petition. Thus TESCO concludes the trial court erred in dismissing its suit.

■ It is our opinion that under the facts of this case TESCO was not required to plead the elements of mutual mistake as alleged by Commercial Standard. Plead-

ings concerning the existence of an oral agreement, the terms thereof, and that a mistake occurred in reducing the oral agreement to writing cannot be required in every case. There is no indication in the record there was any oral agreement prior to the written contract. Certainly no prior oral agreement is required. Thus TESCO cannot be required under these circumstances to plead a prior oral agreement.

It is obvious that TESCO's position in this suit is that all parties to this transaction knew the identity of the principal on the bond. TESCO's position is that there is no mistake as to the identity of the parties, but rather only a slight misnomer. While a misnomer can under the proper facts be characterized as a mistake as to the identity of a party, we decline to so characterize it under these circumstances. We note that there is no pleading or other indication in the record that any entity exists, different from Everman Park Development Co., Inc., by the name of Everman Park Development Corporation. Thus we distinguish this situation from cases where there are two entities and one of these entities is mistaken for the other.

We further distinguish these facts from the line of authority cited by Commercial Standard. The cases of mistake cited by it involved mistakes as to which lands were included in an oil and gas lease and the like. While these are classic cases of mistake and reformation of instruments, they are of little assistance under our facts. Here TESCO has alleged that Everman Park Development Corporation was used and intended by the parties to describe Everman Park Development Co., Inc., with the result that all parties knew the identity of the single entity who was the principal on the bond. This allegation negates the existence of a mistake. We conclude that it was improper for the trial court to dismiss TESCO's suit for failure to plead mistake because it requires a party to plead an occurrence which that party does not believe existed.

We find the following two cases instructive. In *Wandelohr v. Rainey*, 100 Tex. 471, 100 S.W. 1155, 1157 (1907), an appeal bond named the obligee as "The Grayson County National Bank" rather than its true name "The Grayson County National Bank of Sherman." In response to an objection to the failure of the true and complete name of the obligee being listed on the bond the supreme court stated:

> "We think there is nothing in the objection to the bond that the name of the 'Grayson County National Bank of Sherman' is not truly given in the appeal bond. In giving the name the words 'of Sherman' are omitted; but in the recitals it is mentioned as 'the defendant the Grayson County National Bank,' and obligation to pay is to 'the said Grayson County National Bank . . . defendants in said cause.' These unmistakenly identify the obligees in the bond, and it is a matter of no moment that the name of the defendant bank was not given in full."

It has also been decided that even though the true name of a corporation was the Houston Loan & Land Company, the mere fact that it executed notes under the name of the Houston Land & Loan Company would not affect its liability on the notes. The rule stated is that a departure from the strict name of a corporation will not avoid its contracts if its identity substantially appears. *Houston Land & Loan Company v. Danley*, 131 S.W. 1143 (Tex.Civ.App.1910, no writ).

In this case the official name of the corporation did appear on the contract and bond as Everman Park's corporate seal was affixed to both instruments. While there has been relaxation of the old common law rules requiring corporations to seal instruments, it is our opinion that the seal carries great weight in establishing the identification of the corporate entity as a party to the agreements. We found one case which decided that the fact that the corporate seal did not exactly tally with the corporate name did not invalidate the agreement sealed by the corporation. *Chicago Title & Trust Co. v. Kemler Lumber Co.*, 151 Ill.App. 579 (1909). In our opinion

the fact that the typewritten designation of the corporation typed in blanks on a printed form does not exactly coincide with the legal name of the entity as it appears on its seal does not invalidate the contract.

While our decision in this case is not controlled by our discussion of TESCO's point of error that the trial court erred in sustaining Commercial Standard's special exception to the attachment of a deposition of the president of Everman Park to its Third Amended Original Petition as an exhibit, we conclude there was no error. TESCO took the oral deposition of the president of Everman Park. It attached this document as an exhibit to its pleadings in support of its allegation that there was no mistake as to the identity of the principal on the bond. The trial court struck the deposition from the pleadings which TESCO assigns as error.

◼ Neither party cited any authority to support their position. TESCO claims the deposition was properly attached. Commercial Standard claims it was not proper to attach it under Texas Rule of Civil Procedure 59. This rule provides that instruments in writing which constitute all or part of the cause of action or defense thereto may be attached as exhibits to the pleadings. However, the rule goes further to prohibit other instruments of writing from being attached. We conclude that under the facts of this case the deposition was purely evidentiary. While it is true that Texas Rule of Civil Procedure 45 provides that pleading of evidence is not a ground for objection or exception, the last sentence of Rule 59 prohibits the attachment of the deposition as an exhibit. Therefore, we conclude the trial court properly struck the deposition.

The trial court erred in dismissing TESCO's suit with prejudice because under the facts and circumstances of this case it was not required to plead mistake and reformation.

The judgment of dismissal is reversed and the case is remanded to the trial court with instructions to reinstate the case on its docket.