## T. E. Mercer v. Dewey McCurley.

No. 8153.   Decided January 5, 1944.
Rehearing overruled February 2, 1944.
(176 S. W., 2d Series, 923.)

*Sleeper, Boynton, Darden & Burleson, of Waco,* for petitioner.

It was error for the Court of Civil Appeals to uphold the trial court in overruling defendant's plea of privilege. Head v. Kuhnert, 155 S. W. (2d) 817; Austin v. Cameron, 83 Texas 351, 18 S. W. 437; Hewitt v. Leppanen, 148 S. W. (2d) 970.

*White & Yarbrough,* of Dallas, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

Action by Dewey McCurley against T. E. Mercer for personal injuries suffered by plaintiff's wife, hospital and medical bills, and damage to an automobile. Defendant filed his plea of privilege, which was controverted, and which, by agreement, was tried along with the merits of the case. Upon submission to a jury on special issues, which were answered favorably to plaintiff, judgment was rendered overruling the plea of privilege and awarding the plaintiff the total recovery of $1,631.75. Upon appeal the judgment was affirmed. (Opinion not published.)

At the time of the accident defendant's truck was operated by his employee, Roy Peddicord, on Highway No. 31 between Athens and Tyler. McCurley was traveling east along the same highway when his automobile collided with the rear of defendant's truck, causing the injuries sued for. The jury found that the operator of the truck had stopped it upon the paved portion of the highway at the time of the collision; that he permitted it to stand upon the paved portion of the highway without a taillight, headlight, or flares burning; and that the above-stated facts were negligence and a proximate cause of the collision.

This suit was filed against T. E. Mercer only, in Henderson County, where the accident occurred. The operator of the truck, Peddicord, was not sued. The defendant filed a plea of privilege to be sued in Tarrant County, the county of his residence. Plaintiff in his controverting affidavit pleaded that the suit came within Exception 9 of Article 1995, Revised Civil Statutes.

Petitioner contends that under the venue statutes this suit cannot be maintained against him in Henderson County. He contends that the facts found show that there was only an omission by an employee to perform a duty, and that such omission to perform a duty on the part of the employee did not constitute a trespass, crime, or offense that would sustain venue in Henderson County against petitioner.

The Court of Civil Appeals held that the trial court properly overruled the plea of privilege because this is a suit based upon a crime within the meaning of the venue statutes. This Court granted a writ of error on the contention that the plea of privilege was improperly overruled.

The pleadings and the evidence show that petitioner's truck was operated, not by himself, but by Roy Peddicord, his employee. Petitioner was not present at the time of the collision, and there is nothing in the record to show that petitioner had anything to do with the acts of the employee at the time of the collision. It also appears that whatever acts were described as being in violation of Articles 801 and 827a, Sections 9a and 10, of Vernon's Penal Code, and alleged as a basis upon which to plant the charge of crime, offense, or trespass against petitioner, were committed solely by the employee, and not by petitioner.

■ In the recent case of City of Mineral Wells v. McDonald, Chief Justice, et al, (141 Texas 113, 170 S. W. (2d) 466) this Court, construing the venue statutes, said:

"Our courts have repeatedly held that the dominant purpose of the venue statutes is to give a person who has been sued the right to defend such suit in the county of his domicile, except under well-defined exceptions. Meredith v. McClendon, C. J., 130 Texas 527, 111 S. W. (2d) 1062, and cases cited. Among the exceptions authorizing the filing of a suit against a person outside the county of his domicile are found Subdivisions 9 and 14 of Article 1995, which read as follows:

" '9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile.'

\* \* \* \* \* \* \*

"To deprive a person of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in the statutes. Coalson v. Holmes, 111 Texas 502, 240 S. W. 896; 43 Tex. Jur., p. 714."

■ It is well settled that a mere negligent omission of an agent to perform a duty, in the absence of any affirmative act, is not sufficient within the meaning of the venue statutes, in a suit filed against the principal, to sustain venue in a county other than that of the residence of the principal. For a full discussion of the statutes and decisions relating to this question we refer to the following decisions: City of Mineral Wells v. McDonald, Chief Justice, et al, 141 Texas 113, 170 S. W. (2d) 466; Meredith v. McClendon, Chief Justice, 130 Texas 527, 111 S. W. (2d) 1062; Brown Express, Inc. v. Arnold et ux, 138 Texas 70, 157 S. W. (2d) 138; Ricker v. Shoemaker, 81 Texas 22, 16 S. W. 645; Austin v. Cameron, 83 Texas 351, 18 S. W.

437; Connor v. Saunders, 81 Texas 633, 17 S. W. 236; Brown v. Calhoun, 22 S. W. (2d) 757; Murray v. Jones, 56 S. W. (2d) 276; Crain v. King, 62 S. W. (2d) 164; Claer v. Oliver, 62 S. W. (2d) 354; 33 Tex. Jur., pp. 88, 89.

From the facts contained in this record it is clear that venue of this suit can not be maintained against T. E. Mercer in Henderson County on the ground that a trespass was committed.

■ Nor can the venue of this suit be maintained, under the facts of this case, in Henderson County, on the allegation that an offense or crime was committed in that county. There is no evidence even tending to show that petitioner participated in the acts of the employee complained of, or that he was a party to such acts.

In the early case of Austin v. Cameron, 83 Texas 351, 18 S. W. 437, Judge Gaines, in rendering the opinion for this Court, in discussing the liability of a principal for the acts of his agents, said:

"Now, there can be no accomplice to the offense of negligent homicide (Pen. Code, art. 85) ; and hence, if the acts complained of were the acts of defendants' ferryman or other agent, they are not guilty of the offense, even should it be admitted that the petitioner shows an offense committed by any one. A party cannot be deprived of his right to be sued in the county of his domicile by a petition which does not bring the case clearly within some one of the exceptions specified in the statute. Upon exception to a pleading, doubtful allegations are construed against the pleader. If the plaintiff had desired to show that the defendants had committed an offense, with a view to giving jurisdiction to the district court of Mills county, he should have averred affirmatively that the defendants acted in person, and not by agents."

The holding announced by this Court in that case has been followed in many decisions, some of which are here cited: Thomas v. Meyer, 168 S. W. (2d) 681; Murray v. Jones, 56 S. W. (2d) 276; Heard & Heard v. Kuhnert, 155 S. W. (2d) 817; Brown v. Calhoun, 22 S. W. (2d) 757.

In the case of Brown v. Calhoun (Civ. App.), 22 S. W. 757, Chief Justice McClendon, speaking for the Austin Court of Civil Appeals, said:

"We think it immaterial whether leaving the truck parked upon the highway without lights was a violation of the Penal

Code (see Horton v. Benson, Tex. Civ. App., 266 S. W. 213), because, even conceding that it was, the liability of appellant for the act of his servant could not be based upon the criminality of the act unless appellant was a party to the crime or offense either as an accomplice or otherwise, of which there is no contention. This exact point was decided in Austin ·v. Cameron, 83 Texas 351, 18 S. W. 437."

Judge Norvell, in speaking for the Court of Civil Appeals at San Antonio, in Thomas v. Meyer, supra, in analyzing the various decisions relating to this question, said:

"This Court has consistently followed the holding of Austin v. Cameron upon the point involved and has repeatedly refused to recognize as suits based upon a crime or offense, that class of actions in which the liability of the defendant to the plaintiff is predicated upon some act denounced as criminal by the Penal Code, committed by a person other than the defendant and for which the defendant is not punishable under the provisions of the Penal Code. * * * * *

"We might further point out that although Austin v. Cameron was decided in 1890, and there have been numerous sessions of the Legislature since that time, no legislative enactment has been adopted which could be construed as an attempt to modify or change Judge Gaines' construction of the crime clause of the exception involved. The construction apparently met with the acquiescence of the bar.

* * * * * * *

"As to the character of the action and by way of summary, the holding of this Court is that in order to make applicable the 'crime' clause of exception 9 of Article 1995, the suit alleged in plaintiff's petition must be one in which the basis of liability of the defendant to the plaintiff is some act or omission for which act or omission the defendant is liable to punishment under the Penal Code."

We therefore hold that venue can not be maintained over a defendant in the county where the crime was committed by his agent, without a showing that he was a party to the crime. There are expressions to the contrary in opinions rendered by some of the Courts of Civil Appeals, but we think the rule above stated is sound and should prevail.

Since the case must be reversed for the error discussed, we deem it unnecessary to discuss the other points raised in the petition. They will not be likely to occur upon another trial.

The judgments of the Court of Civil Appeals and of the trial court are reversed, and the case remanded with instructions to transfer it to Tarrant County.

Opinion delivered January 5, 1944.

Rehearing overruled February 2, 1944.