## FOSTER v. GAINESVILLE BUS LINES.

### No. 14680.

Court of Civil Appeals of Texas.
Fort Worth.

March 30, 1945.

Rehearing Denied April 27, 1945.

Milburn E. Nutt, of Wichita Falls, and Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

Cecil Murphy, of Gainesville, for appellee.

BROWN, Justice.

This case involves the overruling of a plea of privilege.

Although the controverting affidavit referred to the original petition, adopted such pleading and made it a part of the controverting affidavit, the appellant, defendant below, did not see fit to bring same up in the transcript.

However, we believe the controverting affidavit contains a full and complete statement of the alleged cause of action and that it sets forth an active trespass committed by the driver of a truck, owned by appellant, namely, that the truck was being driven on the "wrong side" of the public highway, the left-hand side of such highway to the truck driver, and that same collided with plaintiff's bus which was, at the time, on its proper side of the highway. The plea of privilege having been overruled, the defendant appeals and presents five points: The first point asserts that it was error to overrule the plea because the truck driver was not made a party defendant and there was no "local defendant" in the case.

The point is sought to be sustained by the ruling in Mercer v. McCurley, 142 Tex. 197, 176 S.W.2d 923, but such case does not apply here in that therein it is held that the mere negligent omission to perform a duty done by a servant or agent, when the master is not present, does not confer venue in the county where the negligent omission is done.

In the case before us, plaintiff relies upon an active trespass by the agent and servant. The second point asserts error in overruling the plea on the theory of a "trespass," committed by the agent and servant, because the plaintiff pleaded that the driver of the truck "fell asleep and thereby failed to operate the vehicle" (properly, we add).

The weakness of this contention lies in the fact that a number of grounds of negligence were alleged separately and distinctly and the allegation referred to is one such. No authority is presented by appellant to sustain the point and we are of opinion that it is not well taken and that the following cases support the ruling of the trial court: Schuller v. Fears, Tex. Civ. App., 67 S.W.2d 343, and cases cited; Prince v. Miller, Tex.Civ.App., 131 S.W.2d 1077, and cases cited; Barnes v. Moro, Tex.Civ.App., 76 S.W.2d 831, and cases cited.

The third point asserts that an ex parte statement, voluntarily made by Jack Foster, the owner of the offending truck, was erroneously admitted in evidence because it discloses that the statement was based upon "hearsay" and same was not a part of the res gestae.

L. L. Albritton, Jr., who is employed by the plaintiff, Gainesville Bus Lines, testified that he went out to the scene of the accident; that he found the two damaged vehicles and, there being no name on the offending truck, he searched the "glove compartment" and found a pad of forms that were signed "Jack Foster by Rob't A. Hair" and they gave Foster's address as Nocona, Texas; that he called Foster on the phone and told him that one of his trucks had had an accident near Gainesville with a Gainesville Bus Line bus, and also told him who Albritton was and that Foster said he would "be right over," and that Foster came and "looked the accident over," asked if any one was hurt in the accident, and told the witness where he could be contacted in Gainesville; that later the witness saw Foster in Nocona and Foster told him the name of his truck driver was Robert A. Hair, and Foster then gave him a written statement. This is the signed statement:

"I am Mr. Jack Foster of Nocona, Texas, and have lived in Nocona, Texas, for the past 46 years. I am married and have two children. My age is 47. I am engaged in the fuel oil business engaged in transporting crude oil from producing wells to pipe lines. Lately along this line I have been transporting crude oil from the Woodbine pool to Muenster, Texas. I am also the Continental Oil Co. consignee for Nocona, Texas.

"On the morning of September 4, 1944, I was in Nocona, Texas, at the time the accident between my truck and a bus owned by the Gainesville Bus Lines was involved in a collision on Highway 82 approaching Gainesville, Texas. My truck that was involved in this accident was a 1942 GMC 1-1/2 Ton Truck carrying a 1344 (approx.) Gallon Tank. The motor number of this truck was C23604511. This truck was driven by Robert Amos Hair who is about 23 years of age, who is in possession of Chauffeur License No. ——. Mr. Hair is employed by myself and on Sept. 4th, 1944,

146

he was pursuing his regular course of employment at the time of this accident.

"Mr. Robert Amos Hair reported to me after the accident that he did not believe he needed medical attention. I told him that he should go to a doctor and have an examination since he complained of some hurting in the region of his chest. I carry Workmen Compensation Insurance and this insurance being carried through my agent Mr. Ernest Curlin of Nocona, Texas.

"(Signed) Jack Foster

"Witnesses:

"L. L. Albritton, Jr."

Before Foster made the statement, to which objection is urged, he went to the scene of accident and saw the truck that was involved. He knew his property and we see no reason why he could not make a statement either orally or in writing admitting its ownership, and we know of no rule of law that does not admit of proof of such statement.

■ This is an admission against interest of an adverse party. The theory that appellant advances, to the effect that appellant has taken no adverse or inconsistent position with that taken by him in his voluntary, written statement, but that he has only asserted his right to be sued in the county of his residence, does not seem tenable to us, because the plea of privilege filed by him says under oath, in so many words, that the plaintiff has no cause of action against him that may be properly brought in Cooke County, where the suit was filed, and such plea compels the plaintiff to prove a cause of action that may be properly brought in Cooke County, and also compels the plaintiff to make out a prima facie case against defendant. Appellant likewise knew that Hair was his employee and he knew what Hair's duties were, and he must have known what Hair was employed to do with the truck, on the day of the accident.

Foster did not testify at the hearing of his plea and did not see fit to put his truck driver on the witness stand.

Knowing that the truck was his, he so stated in writing, voluntarily, and knowing that his employee, Hair, had charge of such truck on that day, he likewise so stated in writing, voluntarily.

■ We are of opinion that these facts were admissible in evidence and that they made out a prima facie case that stands until successfully denied or explained away. Such cases as Thornell v. Missouri State Life Ins. Co., Tex.Com.App., 249 S.W. 203; Hinrichs v. Texas & N. O. R. Co., Tex.Civ.App., 153 S.W.2d 859; Smallwood v. Parr, et al., Tex.Civ.App., 174 S.W.2d 610; and Holton v. Hutchinson, Tex.Civ.App., 90 S.W.2d 1103, support our views.

■ The fourth point complains of the admission in evidence of an ex parte statement made by Hair, the truck driver.

The case was tried to the court, and since there was ample evidence to support the judgment without considering this statement, the fact that the trial court heard it and did not exclude it is harmless error.

■ The fifth point asserts that the plea was erroneously overruled because the only evidence of damage done the bus was based on hearsay. We believe that the complaint goes to the weight of the evidence.

The witness who testified as to the values and damage done was L. L. Albritton, Jr., who is the operating manager and purchasing agent of the plaintiff, Gainesville Bus Lines.

His testimony was admitted without objection and appellant apparently is relying upon such testimony as was given by the witness while on cross-examination.

At one time this witness said, in answer to a question propounded by appellant's counsel, that the only knowledge he had of what a secondhand bus, of the type injured, was worth on the market in or around Gainesville, was "only hearsay," but the witness said later: "And from my own opinion." We believe that he was qualified to give his opinion, and that an investigation of his lengthy cross-examination discloses that he was testifying as to his personal opinion. Furthermore, Albritton's testimony was to the effect that the bus was practically demolished—a 33 passenger bus.

■ The proof of the amount of damages is not required on a venue hearing. The allegations of the amount in controversy found in the petition disclose the jurisdiction and the proper court for hearing the case. The amount of damages must be left to the court or jury from the evidence.

Finding no error, the judgment is affirmed.