## DAVIS v. UNITED GAS CORPORATION.

### No. 6180.

Court of Civil Appeals of Texas. Texarkana.

Oct. 18, 1945.

E. A. Martin, of Longview, and John T. Gano, of Fort Worth, for appellant.

Jones & Jones, of Mineola, for appellee.

WILLIAMS, Justice.

After a hearing, the plea of privilege of L. B. Davis, the defendant below, to be sued in Gregg County, Texas, the county of his residence, was overruled. United Gas Corporation, the plaintiff below, in its original petition and controverting affidavit to the plea of privilege plead various acts of negligence by defendant, among which plaintiff alleged "that the defendant was operating the car he was driving in a reckless and dangerous manner and at a rate of speed in excess of 40 miles per hour"; that Joe Smith (operator of plaintiff's automobile) was riding in his automobile in a southerly direction on Johnson Street, being also State Highway No. 37, in the town of Mineola, Wood County; defendant at the same time was driving and operating an automobile in a westerly direction on Belcher Street; that at the in-

tersection of said streets on the north side of Belcher Street there is a dense grove of trees and shrubbery which obscured the view; "that * * * defendant did not slow down before driving into Johnson Street and that he in disregard of the safety of said Smith operated his car at a dangerous rate of speed and drove same across Johnson Street and in front of the car being operated by Smith so rapidly and at such a dangerous rate of speed that before Smith could apply the brakes and slow down his car, the same ran into defendant's car, greatly damaging plaintiff's car, etc."

Plaintiff sued for damages to its automobile as a result of a collision between the two cars which occurred on a rainy morning in the westerly part of Johnson Street and the northerly part of Belcher in the intersection of the two streets in the town of Mineola, Wood County, Texas. Shrubbery and trees obstructed to some extent the vision of a person driving West and South at this intersection. Traffic coming from the North would be to the right of traffic coming from the East. According to plaintiff's testimony, the defendant drove into Johnson Street without keeping a look-out for cars approaching from his right or north and drove into and operated his car across this intersection in a reckless and dangerous manner and at a rate of speed in excess of 40 miles an hour, and that defendant immediately after the accident stated that he (Davis) had driven into Johnson Street without looking to see whether a car was coming from the North and was to blame for the collision.

According to defendant's testimony he was so stunned immediately after the accident that he did not remember making any statement to any one except that he said he did not see plaintiff's car and that Mr. Smith (driver of plaintiff's car) said he was in a hurry to get to Lindale. He claims to have stopped his car and looked North for the approach of any car from the North, put his car into low gear and proceeded into and across the intersection at a speed of 3 or 4 miles per hour, and was nearly across "when a shadow showed up to his right and he was hit by plaintiff's car about the time defendant speeded up."

 It is apparent that the nature of above evidence presented a question of fact for the trial court, the trier of the facts. If credence be given to the testimony of plaintiff as the trial court did,

such testimony would support the allegations of the petition that a trespass or active negligence had been committed in Wood County so as to maintain the venue under exception. Sec. 9 of Art. 1995, R.C.S. of Texas; 3 T.J., Sec. 747, p. 1059.

Joe Smith, the driver of plaintiff's car, testified over objection of defendant that he, Smith, saw a quart of liquor in defendant's car, and that other people coming up to the collision said the defendant had been drinking before the collision but that he (Smith) didn't smell any liquor on the breath of defendant. Notwithstanding that the bill of exception brought forward discloses only a blanket objection was made without stating any specific grounds for its inadmissibility, it is thought that the admission of this testimony, if in part hearsay, is harmless error.

As stated in Foster v. Gainesville Bus Lines, Tex.Civ.App., 187 S.W.2d 144, 146: "The case was tried to the court, and since there was ample evidence to support the judgment without considering this statement, the fact that the trial court heard it and did not exclude it is harmless error." 3 T.J. Sec. 748, p. 1061.

The judgment will be affirmed.