W. E. Barron et al v. Pat James.

No. A-934. Decided November 27, 1946.
(198 S. W., 2d Series, 256.)

284

*Dyess & Dyess*, of Houston, for petitioners.

Where the only issues requested, or raised by the evidence in support of the exception urged in the controverting affidavit, filed by plaintiff, as grounds for venue in Montgomery County— the county where the suit was filed—were mere negligent acts of omission, which did not constitute crime, trespass or assault,

under subdivision 9 of Article 1995, R. S., defendants should be granted their change of venue to Grimes County, as prayed for. Herman v. Rountree, 162 S. W. (2d) 144; Gist v. Holt, 173 S. W. (2d) 216; Smirl v. Globe Laboratories, 144 Texas 41, 188 S. W. (2d) 676.

It was error for the Court of Civil Appeals to refuse defendants, petitioners in this court, the right to file a supplemental transcript bringing forward the question of their right to a change of venue, because of their holding that where a plea of privilege was overruled, to which ruling exception had been duly taken, a separate appeal and transcript were ncesessary to effectively preserve that issue on appeal, and that it could not be saved by an exception and presented in an appeal upon the merits of the case. Smith Bros. Grain Co. v. Windwor & Stanley, 255 S. W. 158; Gray v. Adolph, 117 S. W. (2d) 122; Zurich Gen. Acc. & Lia. Ins. Co. v. Dyess, 167 S. W. (2d) 294.

*Campbell & Foreman,* and *F. Campbell,* all of Livingston, *J. L. Pitts* and *Effie Harper,* both of Conroe, for respondents.

Petitioners having sought to perfect a separate appeal from the judgment of the court overruling petitioners' plea of priviledge, it became necessary for them to file the bond and record in the time required by Rule 385, and on their failure to do so, the Court of Civil Appeals properly declined to permit the record to be filed, or to permit petitioners to correct the record of the case on its merits by filing a supplemental transcript including the proceedings of the trial on the plea of privilege. Casey v. Bell, 104 Texas 338, 137 S. W. 918; Wandelohn v. Rainey, 100 Texas 471, 100 S. W. 1158.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The Court of Civil Appeals, in an opinion published in 196 S. W. (2d) 245, affirmed a judgment of the district court, in favor of respondent against petitioners, for damages in the sum of $3,550.00, after having declined to permit petitioners to file a supplemental transcript and statement of facts which showed the proceedings in the trial of a plea of privilege filed by petitioners. The case was tried on the merits and final judgment rendered during the term of district court at which the plea of privilege was heard and overruled, and appeal was perfected after judgment was rendered on the merits.

Petitioner Barron was the owner and petitioner Upchurch

was the driver of a bus operated for hire on the public highway between Navasota and Conroe. Respondent was riding his horse on the public highway in Montgomerey County. The horse and the bus collided, with injury to horse and rider. According to respondent's allegations and evidence, the bus was driven against the horse. Petitioners contended, and offered evidence tending to prove, that the horse ran into the side of the bus.

Petitioners filed a plea of privilege in due form to be sued in Grimes County, where they resided. Respondent filed a controverting affidavit containing no allegations of fact, but stating that all the allegations of respondent's original petition were incorporated in the affidavit as fully as if written therein, and containing the allegation that the acts of negligence alleged in the petition "were active acts of negligence, trespass and crimes committed in Montgomery County," and that by reason thereof the court had jurisdiction of the defendants under Section 9 of Article 1995 of the Revised Civil Statutes. Petitioners' exceptions to the controverting affidavit were overruled and, after hearing the plea of privilege before a jury, the court on March 26, 1945, overruled the plea, to which order the petitioners excepted and gave notice of appeal.

Trial of the case on the merits was begun on March 29, 1945, and following a verdict favorable to respondent, judgment was rendered on April 9, 1945. Petitioners filed a motion for new trial and an amended motion for new trial, which was overruled April 20, 1945. The term of court began February 26, 1945, and ended on April 21, 1945. Petitioners' supersedeas bond was filed May 7, 1945, and the transcript and statement of facts showing the preceedings on the trial on the merits were filed in the Court of Civil Appeals June 26, 1945. On the same day petitioners tendered to the clerk of the Court of Civil Appeals for filing a transcript and statement of facts showing the proceedings on the trial of the plea of privilege. These the clerk, on instructions from the court, declined to file. Petitioners' motion, filed June 29, 1945, for permission to file the transcript and statements of facts as supplemental of the transcript and statement of facts relating to the trial on the merits, was overruled.

In their brief filed in the Court of Civil Appeals, after perfecting their appeal following the trial on the merits, petitioners presented many points attacking the order of the court overruling their plea of privilege and complaining of errors of the district court in the trial of the plea. As shown by its opinion, the

Court of Civil Appeals declined to consider these points "because they raise matters not before us," meaning that they presented questions as to alleged errors in the trial of the plea of privilege, the proceedings with reference to which did not appear in the transcript and statement of facts which had been filed.

■ The Court of Civil Appeals recognized the settled rule that when a plea of privilege is overruled the court may proceed at once to trial on the merits and that in the event the case is "tried on its merits during the term of court at which the plea was overruled, the defendant can, by proper exception, have the ruling of the court considered on appeal from final judgment, without the necessity of perfecting a separate appeal from the order overruling his plea of privilege." Smith Bros. Grain Co. v. Windsor & Stanley (Com. App.), 255 S. W. 158. See also Gray v. Adolph, 117 S. W. (2d) 122, application for writ of error refused. That court, however, adhered to its ruling, which denied petitioners permission to file the supplemental transcript and statement of facts, and held that the right of review of the trial court's order overruling the plea of privilege was not available to them because the only assignment of error appearing in the motion for new trial, filed after judgment on the merits, and attacking the trial court's order on the plea of privilege was too general.

The Rules of Practice and Procedure work no change in the rule above quoted from Smith Bros. Grain Co. v. Windsor & Stanley (Com. App.), 255 S. W. 158. Rules 86 and 87 provide for the filing of pleas of privilege and controverting affidavits and for trial of the issues made thereby, in substantially the same language (with some changes not material here) as that which appears in Articles 2007 and 2008 of the Revised Civil Statutes. The Rules do not undertake to authorize appeals from orders sustaining or overruling pleas of privilege, but they leave in effect that part of Article 2008 granting the right to appeal. A note following Rule 87 states that Article 2008, in so far as it grants the right of appeal, is deemed jurisdictional, and hence not repealed. According to that part of Article 2008, either party may appeal from the judgment sustaining or overruling the plea of privilege. Subdivision (c) of Rule 385, taken from Article 2008, provides that "Where the appeal is from an order sustaining a plea of privilege, transfer of the venue and trial upon the merits shall be suspended pending the appeal."

It follows from the rules to which reference has been made, from what remains of Article 2008 and from the decisions above cited that, while petitioners could have prosecuted an appeal from the order overruling their plea of privilege, they were not required to do so, but were entitled by proper exception to have the ruling of the trial court on the plea of privilege considered on the appeal from the final judgment, the case having been tried on the merits during the term of court at which the plea of privilege was overruled.

■ Petitioners undertook to appeal from the order overruling their plea of privilege, but they did not perfect an appeal from that order. Rule 385 provides that appeals from interlocutory orders when allowed by law may be taken by "(a) Filing an appeal or supersedeas bond within twenty days after the rendition of the order appealed from * * *; and (b) Filing the record in the appellate court within twenty days after the rendition of the order appealed from. * * *" Rule 385 further provides that in appeals from interlocutory orders there shall be no motion for a new trial. The bond filed by petitioners for the purpose of appealing from the order on the plea of privilege was filed in the district court, and the record was tendered for filing in the Court of Civil Appeals, after the expiration of the twenty day period. This ineffectual attempt to appeal from the order overruling the plea did not deprive petitioners of their right to a review of the trial court's ruling on the plea of privilege, in the appeal from the judgment on the merits rendered at the same term of court.

■ The decision of the Court of Civil Appeals that petitioners, appellants in that court, had no right to a review of the trial court's order overruling the plea of privilege, is based on its conclusion that the assignment of errors in the motion for new trial filed after judgment on the merits, which complains of that order, is too general.

There were jury trials both on the hearing of the plea of privilege and on the merits. After the hearing of the evidence on the trial of the plea of privilege, petitioners filed a motion for instructed verdict, and after the verdict was returned they filed a motion for judgment notwithstanding the verdict. Both motions were overruled. An order was made overruling the plea of privilege and exception was taken. Thereafter petitioners filed a motion for new trial and an amended motion for new trial attacking the trial court's order on the plea of privilege. The amended motion was heard and overruled. The substance of the

first paragraph of petitioners' amended motion for new trial filed after judgment on the merits is that the court erred in trying the case on its merits when the plaintiff had wholly failed to discharge the burden cast upon him by law, upon the timely filing by defendants of their plea of privilege to be sued in the county of their residence, Grimes County; and that the court had no jurisdiction of the cause because of improper venue.

Rule 324 requires, with certain exceptions, that a motion for new trial be filed as a prerequisite to the appeal of all cases tried before juries. One of the exceptions stated in the rule is that an assignment in a motion for new trial shall not be necessary as a prerequisite to the right to complain of the action of the court "in rendering or refusing to render judgment non obstante veredicto, or in overruling a motion for judgment for appellant on the verdict." It seems that in view of this exception petitioners, without assigning error in a motion for new trial, could complain on appeal of the court's refusal to render in their favor, on the trial of the plea of privilege, judgment notwithstanding the verdict. But however that may be, petitioners did complain in the first paragraph of their motion for new trial, filed after judgment on the merits, of the court's order overruling the plea of privilege. That paragraph is general in its terms and does not strictly comply with Rules 320, 321, 322 and 374, which provides that every ground of a motion for new trial shall designate the proceeding complained of "in such way as that the point of objection can be clearly identified and understood by the court," that grounds of error shall be distinctly set forth and that generality shall be avoided. The primary purpose of these rules is that the particular point of objection be presented to the court in such way that it may be clearly understood. The record in this case is such that in our opinion the assignment in the motion should not be disregarded as too general. In many ways throughout the trial of the plea of privilege petitioners brought to the attention of the trial court their contention that respondent had wholly failed to meet the burden imposed upon him of pleading and providing that a crime, offense or trespass had been committed in Montgomery County. They did this by exceptions to the controverting affidavit, by objections to the charge, by motion for peremptory instruction, by motion for judgment non obstante veredicto, and by motion for new trial of the plea of privilege. It is our opinion further that it clearly appears as a matter of law from the entire record of the trial of the plea of privilege, and particularly from the ver-

dict and the evidence, that no proof of venue in Montgomery County was made.

■ Rule 428 authorizes the appellate court to permit or to direct a supplemental record to be prepared and filed. The rule should be given a liberal construction. Rule 1; Rule 370; Smirl v. Globe Laboratories, 144 Texas 41, 188 S. W. (2d) 676. We have granted petitioners' motion filed in this Court for permission to file the supplemental record, which, in our opinion, the Court of Civil Appeals should have permitted them to file. The rules contemplate that all proceedings in the trial court be included in one record, that is, in one transcript and one statement of facts. But the inclusion of the proceedings in the trial of the plea of privilege in one record and the proceedings in the trial on the merits in another is an irregularity which should not defeat the right to a review of the trial court's action on the plea of privilege.

The sufficiency of the controverting affidavit need not be discussed, for respondent had the burden of proving as well as pleading the facts necessary to confer venue on the district court of Montgomery County. Relying upon subdivision (9) of Article 1995, he had the burden of proving that a crime, offense or trespass had been committed in Montgomery County. No effort was made to prove that a crime or offense had been committed. Respondent sought to maintain venue in Montgomery County on the theory that the driver of the bus was actively negligent and thus committed a treaspass. In answer to special issue, the jury found that the driver of the bus *failed* to have the bus under proper control immediately before and as he approached the place where the bus and the horse came together, and this failure was negligence and the negligence a proximate cause of the collision; that the driver *failed* to keep a proper lookout as he approached and undertook to pass respondent and the horse he was riding, and that this failure was negligence and the negligence a proximate cause of the collision; that the *failure* of the driver to sound his horn as he approached the place where the collision occurred was negligence and the negligence was a proximate cause of the collision; that the driver was negligent *in not stopping* the bus before it came in contact wtih the horse, and that this negligence was a proximate cause of the collision; that the driver was guilty of negligence *in not driving* sufficiently to his left to avoid coming in contact with the horse, and that this negligence was a proximate cause of the collision; and that the driver *failed* to reduce the speed of the bus before undertak-

ing to pass the horse, and that this failure was negligence and the negligence a proximate cause of the collision. In none of the answers to the issues was there a finding of active negligence. In each answer the jury found merely a negligent omission or failure on the part of the driver to do something which it was his duty to do. None of these is a finding of trespass. Ricker, Lee & Co. v. Shoemaker, 81 Texas 22, 16 S. W. 645; Connor v. Saunders, 81 Texas 633, 17 S. W. 236; Austin v. Cameron & Co., 83 Texas 351, 18 S. W. 437; Meredith v. McClendon, 130 Texas 527, 111 S. W. (2d) 1063; Mercer v. McCurley, 142 Texas 197, 176 S. W. (2d) 923; Jackson v. McClendon, 143 Texas 577, 187 S. W. (2d) 374; Metzger Dairies v. Wharton, 113 S. W. (2d) 675.

Respondent made no request for the submission of other special issues and made no objection to the issues submitted or to any part of the charge. We have carefully read all the evidence offered on the trial of the plea of privilege and find no evidence tending to prove any affirmative act of negligence on the part of the driver of the bus as distinguished from an omission to perform a duty. There is no evidence that the bus was being driven recklessly or at an unlawful rate of speed or in violation of any law.

■ Respondent contends that the Court should not entertain further jurisdiction of the cause because under Section 5 of Article 1821 of the Revised Civil Statutes judgments of the courts of civil appeals are final in all appeals from interlocutory orders. The contention cannot be sustained. The appeal was not from the interlocutory order, but was from the judgment on the merits, and it took the entire case to the Court of Civil Appeals.

■ The further contention is made by respondent that petitioner's remedy for the failure to the Court of Civil Appeals to permit the filing of the supplemental record was by mandamus and not by writ of error. The two cases cited do not support the contention. They are Wandelohr v. Rainey, 100 Texas 471, 100 S. W. 1155, and Casey v. Bell, 104 Texas 338, 137 S. W. 918. In each of those cases it was held that the Supreme Court did not have jurisdiction to review by writ of error an order of the court of civil appeals refusing to take jurisdiction of a cause and to permit the transcript to be filed, because the order was not a final judgment, the statute providing that "all causes shall be carried to the Supreme Court upon writs of error upon final judgment." It was further held that, since writ of error was not

available, writ of mandamus would lie to compel the filing of the transcript. This case was brought to this Court upon a writ of error granted upon final judgment of the Court of Civil Appeals. The question whether the Court of Civil Appeals erred in declining to permit the filing of the supplemental transcript and in affirming the trial court's judgment without reviewing that court's order overruling the plea of privilege is one of law of which this Court has jurisdiction.

The question as to the correctness of the trial court's action in overruling the plea of privilege is also, under the record in this case, including the supplemental record, one of law. We therefore render the judgment that the Court of Civil Appeals should have rendered. Mercer v. McCurley, 142 Texas 197, 176 S. W. (2d) 923.

The judgments of the Court of Civil Appeals and the district court are reversed and the cause is remanded to the district court with instructions to transfer it to the district court of Grimes County.

Opinion delivered November 27, 1946.