**YEARWOOD et al. v. NICHOLS et al.**

No. 4700.

Court of Civil Appeals of Texas.
El Paso.

Jan. 25, 1950.

Rehearing Denied March 1, 1950.

George C. Cochran, John Touchstone, both of Dallas, for appellants.

Dell Barber and Perry Barber, Colorado City, Mays & Perkins, Sweetwater, Klapproth & Hamilton, Midland, for appellees.

PRICE, Chief Justice.

This is an appeal by John P. Yearwood and F. V. Yearwood, hereinafter called

"Yearwoods" from a judgment of the District Court of Midland County in a trial before the court without a jury, overruling their pleas of privilege to be sued in the county of their residence. Vera Nichols, as administratrix of the estate of her deceased husband, D. I. Nichols, sued the Texas & Pacific Railway Company, hereinafter called "T&P" and John P. and F. V. Yearwood, doing business as the Yearwood Distributing Company, seeking damages for the death of her husband, D. I. Nichols. She alleged that the deceased Nichols was employed as an engineer by the T&P, that while engaged in his employment on or about October 17, 1948, he met his death near the city of Midland through a collision at a public crossing between the engine he was operating and a truck operated by the Yearwoods through their employee. It is alleged the train was operating at the time of the collision in interstate commerce. The allegation as to the T&P was that it was guilty of negligence in failing to maintain signal lights at such crossing, which negligence was the sole proximate cause or contributing proximate cause of the collision which resulted in the death of her husband.

As to the Yearwoods she alleged that their truck at the relevant time was operated in the course of his employment by their employee, that said truck or trailer attached thereto carried a great amount of liquid that was highly explosive and inflammable, which exploded when it was struck by the engine. It is charged, among other grounds of negligence, that the said employee was guilty of negligence in hauling said dangerous and inflammable substance across the track with knowledge of the approach of said train; that such negligence was a proximate cause and was a contributing cause of the collision and resulting death of the engineer, Nichols.

The Yearwoods filed a plea of privilege as to the suit of the administratrix, alleging their respective residences in El Paso County. The T&P filed an answer to plaintiff's suit and a cross-action against the Yearwoods. It sought to recover damages from the Yearwoods for damage to its equipment and property. Among the grounds of negligence alleged was that the driver of the truck was guilty of negligence in driving the truck and trailer loaded with such inflammable and explosive liquid in front of the approaching train. It was further alleged that such negligence constituted the direct, sole and proximate cause of the collision. Further indemnity was sought, and in the alternative at least contribution by the railway company against the Yearwoods.

The Yearwoods filed a plea of privilege to the cross-action of the T&P. The administratrix filed a controverting affidavit to the Yearwoods' plea of privilege. In this controverting affidavit, among other things it was charged that the driver of the truck for the Yearwoods was guilty of negligence in hauling said dangerous and inflammable substance across said railroad tracks with knowledge that the train was approaching, and that such negligence was a proximate cause and a contributing cause of the collision and consequent damage. Exception No. 9 of Art. 1995 was invoked, as likewise exceptions 25 and 29a of the same article.

The Yearwoods filed their plea of privilege to the cause of action set up against them by the T&P; the T&P filed its controverting affidavit to this plea of privilege. In substance said controverting affidavit alleged that the Yearwoods through their employee were guilty of acts of negligence which were the proximate cause of the injury, and such acts of negligence constituted a trespass committed in Midland County. Among the acts of negligence charged was that he was negligent in hauling said dangerous and inflammable substance across the tracks with knowledge of the approaching train. Exception 9 to Article 1995, Vernon's Ann.Civ.St. is invoked to retain venue in Midland County.

The Yearwoods urge fifteen points of error. Nos. 1 and 2 are briefed together. In substance it is claimed that the administratrix has not definitely and specifically pleaded the facts upon which the crime or offense of trespass is based, and that such was the proximate cause of the collision.

The same point is urged as to the cross-action of the T&P.

 In order to sustain the judgment overruling the pleas of privilege of the Yearwoods it was necessary that the administratrix plead and establish a cause of action for trespass. She did not plead crime or offense. The factor of solution in the determination of the case is the determination of the issue as to whether she plead and proved a cause of action constituting a trespass. Compton v. Elliot, 126 Tex. 232, 88 S.W.2d 91, 95. "The venue facts * * * under exception 9 are that the crime, offense, or trespass was in fact committed and that it was committed in the county where the suit is pending." Compton v. Elliot, supra. Here a crime or offense is not relied upon to obtain venue, but the provision of said exception as to a trespass is relied upon. Findings of fact and conclusions of law were not requested by the Yearwoods. If properly plead and there is evidence to sustain same, a finding of trespass must be attributed to the trial court.

There is no dearth of authority in this state as to what constitutes a trespass within the meaning of said exception No. 9. 43rd Tex.Jur. p. 735, par. 22; 9 Tex.Jur., 10 year Sup. p. 600–604.

 In the case of Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374, 376, Judge Slatton, writing the opinion for the court, said: "To constitute a trespass there must be an affirmative act as distinguished from a mere failure to act. Such act need not be inherently unlawful. It may be inherently right if properly performed, and yet be, if performed in a culpably negligent manner resulting in injury to another, a misfeasance or trespass as to such person." In the court's opinion the following is quoted with approval from the case of Murray v. Oliver, Tex.Civ.App., 61 S.W. 2d 534, 536: "The driving of a heavily loaded truck upon a public highway without having it equipped with adequate brakes is not a mere negligent omission of duty. Such act consists not merely in the failure to equip the truck with adequate brakes, but involves the negligent operation of it in such unsafe condition, which is a positive act of negligence."

In the instant case the driver of the truck with a trailer attached containing a highly explosive and inflammable liquid drove same on the track knowing of the approach of the train; the train struck the trailer, the liquid exploded and flamed forth causing the death of Engineer Nichols. We think the evidence is ample to sustain the imputed finding of a trespass.

 It is implicit in the case of Compton v. Elliot, supra, that the negligence must be a proximate cause of the injury. In the case of Bates v. Stinnett, Tex.Civ. App., 170 S.W.2d 644, and in Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W. 2d 817, it is held in substance that proximate cause is one of venue facts that must be proved in order to come within the exception involved, i. e., the trespass must be a proximate cause of the injury. It is stated in substance in the petition the defendants' (Yearwoods) driver was guilty of negligence in driving said truck and trailer loaded with such explosive and inflammable substance in front of an approaching train, that same was a proximate cause and was the contributing cause of the collision resulting in the injury and death of D. I. Nichols. In the controverting affidavit it is stated in substance the Yearwoods' driver was guilty of negligence in driving said truck and trailer loaded with such inflammable substance in front of the approaching train, and such negligence is said to be the proximate cause of the collision.

 It is elementary that there may be more than one proximate cause of an injury. If an affirmative act concurs and cooperates with the negligent act of another to bring about the injury it may be a proximate cause of the injury. This must be true if the harmful tendency of the act could have been reasonably foreseen by the party producing same, and but for said act the injury would not have occurred. What has been said as to the pleading of the administratrix applies likewise in substance to the pleading and controverting affidavit of the T&P. There is no difference be-

tween a proximate cause and a contributing proximate cause. The element of cause and foreseeability applies to each phrase. An act or omission can not be a contributing proximate cause unless injury results naturally and probably therefrom, and the result should have been reasonably foreseen by the party producing same.

Points 3, 4, 5 and 6 are briefed together. No. 3 in substance is to effect that the evidence was insufficient to establish the commission of any crime, offense or trespass against the deceased Nichols. No. 4 is about the same as to the cross-action by the T&P against the Yearwoods; 5 and 6 are in substance repetitions of points 3 and 4.

 There was evidence that this collision occurred at about 2:30 A.M., that the lights on the locomotive were burning, the bell and whistle sounding as it approached the intersection with Lee Street. There was evidence that for a considerable distance in approaching the crossing, Yearwoods' driver had an unobstructed view of the railroad track. The surrounding facts warrant an inference that the driver of the truck had notice of the approach of the train to the crossing.

It is held that the evidence was sufficient to sustain the implied finding that a trespass was committed in Midland County, as to D. I. Nichols and as to the T&P. Further, that as a proximate result of such trespass, D. I. Nichols met his death, to the resultant damage to the administratrix; that the trespass as to the T&P was a proximate cause of substantial damage.

 Points of error Nos. 7, 8, 9 and 10 are briefed together, Nos. 7 and 8 assert that even if the evidence discloses the commission of a trespass in Midland County by the driver of the truck of the Yearwoods, no authority was shown to commit such trespass; point 8 is the same as to the T&P. It was admitted that the driver of the Yearwoods was acting in the course and scope of his employment. The Yearwoods are liable in such case for his trespasses.

Nos. 9 and 10 assail the constitutionality of the Acts of the 50th Legislature, Reg. Session, Chap. 366, p. 739, because it violates Section 35, Art. 3 of the Constitution, Vernon's Ann.St., in that the subject of the Act is not stated in the caption. The Act complained of purports to amend subsection 9 of Article 1995. In substance the amended Act provides that where the crime, offense or trespass is committed by the defendant or by his agent or representative, venue may lay in the county where such crime or trespass is committed. Before such amendment it was held an individual could not commit a crime or offense through an agent unless he specially authorized the commission of such crime or offense. As to trespass subsection 9 as it existed before said amendment retained venue if the trespass in the county where same was committed was committed by an agent or employee. Heard & Heard v. Kuhnert, supra; Mercer v. McCurley, 142 Tex. 197, 176 S.W.2d 923; Goldman v. Lopez, Tex. Civ.App., 193 S.W.2d 284. It is deemed unnecessary to determine whether the amendment is constitutional or otherwise. There was evidence justifying the finding of a trespass.

Points 11 and 12 urge that any negligence on the part of the driver of the Yearwoods' truck was not a proximate cause of the collision or could be at the most only a contributing proximate cause. As has been stated, it is elementary that a proximate cause must contribute to the injury or it could not be such. As has been stated, it is elementary that there is no distinction between a proximate cause and a contributing proximate cause.

 Points of error 13 and 14 are briefed together. Point 13 is in substance to effect that the cause of action of the administratrix against the T&P is based upon the Federal Employers' Liability Act, Title 45 U.S.C.A., § 51 et seq., and the cause of action asserted against the Yearwoods is an alternative, separate and independent cause of action, hence the overruling of the Yearwoods' plea of privilege was erroneous.

Point 14 is to effect that the administratrix' cause of action is based upon said Federal Employers' Liability Act, therefore the assertion of any action over or cross-action was an alternative, separate and independ-

ent cause of action which is no part of the cause asserted by plaintiff, and therefore the overruling of the Yearwoods' plea of privilege as to such action was in all things erroneous. It is true that the Administratrix' cause of action against the T&P was for a breach of the duty prescribed by said Federal Employers' Liability Act, and that the cause of action asserted against the Yearwoods was founded on the common law and the death statute of the State of Texas. It is true, furthermore, that the duty of the T&P to exercise care toward the deceased Nichols grew out of the relationship of employer and employee. It was the duty to exercise care for his safety. There was no special relationship between the Yearwoods and Nichols requiring them to exercise care, but in the prosecution of their business over and along the public road crossed by the railroad tracks, it was their duty to exercise ordinary care for the safety of the employees operating the railroad and for the property of the railroad. If the breach of duty on the part of the T&P concurred and cooperated with the breach of duty on the part of the Yearwoods to proximately cause the death of D. I. Nichols, then the action is not alternative, but an action against joint tort feasors. As to point No. 14 urging that the cross-action by the T&P was alternative, we think if same constitutes trespass that there was venue in Midland County.

The District Court had the power and duty to enforce the Federal Employers' Liability Act; it likewise had the power and duty to try the issues as to the liability of the Yearwoods to the administratrix and the T&P.

Point of error 15 is to effect that venue can not be maintained under subdivisions 25 and 29a of Article 1995, R.C.S. In view of our holding that venue was sustained in Midland County under Subdivision 9 it is deemed unnecessary to determine whether it is likewise sustained under Subdivisions 25 and 29a.

The record reflects no reversible error, and it is ordered that the judgment of the trial court be in all things affirmed.

## On Motion for Rehearing.

McGILL, Justice.

Appellant earnestly insists that we were in error in holding that the record justified an implied finding by the trial court that the truck driver Sammie Garrett knowingly and deliberately drove the truck and trailer in front of the approaching train. Our statement that "the surrounding facts warrant an inference that the driver of the truck had notice of the approach of the train to the crossing" probably warrants the asserted holding. In view of the truck driver's testimony by deposition, which was introduced by appellee, that the first time he saw the train was when his cab was on the track, at which time it was approximately a mile away, and that he did not hear the whistle blowing, we have concluded that no implied finding that the driver of the truck knowingly and deliberately drove the truck and trailer on the track in front of the approaching train is justified. Such implied finding is not necessary to affirm our conclusion that the evidence was sufficient to sustain the implied finding of the trial court that a trespass was committed in Midland County as to D. I. Nichols and as to the T. & P. Since Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645, 646 "wrongful acts willfully *or negligently* committed" have been held to constitute a trespass within the purview of Sec. 9, Art. 1995, R.C.S. (Emphasis ours.) Chiles v. Goswick, Tex.Sup., 225 S.W.2d 411. The evidence unquestionably warrants the implied finding that the truck driver negligently drove the truck and trailer on the track in front of the approaching train. This is all that is necessary to constitute a trespass.

Appellants' motion for rehearing is overruled.