**REYNOLDS et al. v. GOLDTHORN et al.**

**No. 4796.**

Court of Civil Appeals of Texas.
El Paso.

May 23, 1951.

Kemp, Lewright, Dyer & Sorrell, Corpus Christi, for appellants.

Lloyd & Lloyd, Alice, for appellees.

PRICE, Chief Justice.

This is an appeal by Herman Reynolds, d/b/a All American Midway Shows from an order of the District Court of Duval County overruling his plea of privilege asserting the venue as to him to be in Bexar County.

Mrs. Sadora F. Goldthorn, individually and as next friend of her daughter, Jane Franklin Goldthorn, sued the said Herman Reynolds and one Jimmie Gattis, seeking to recover damages for the death of Edward B. Goldthorn, her husband, which was alleged to have been proximately caused by the negligence of said defendants. Plaintiff will be hereinafter referred to as ap-

pellee and the defendant Raynolds as appellant. Defendant Gattis was averred to be the employee of appellant. Twenty-five separate grounds of negligence are charged. It is thought unnecessary to set them up or summarize them further than to say it was charged that defendant Gattis, acting in the course of his employment for appellant in driving a truck, left same parked on the paved portion of State Highway No. 44; that appellee's husband was riding in a truck driven by another and collided with the parked truck of defendant; that appellee's husband was killed. Various violations of Article 827a of Vernon's Annotated Penal Code are charged. Appellant and defendant Gattis each filed pleas of privilege to be sued in Bexar County. Appellee filed a controverting affidavit to each plea. Among other grounds sustaining the venue in Duval County appellee in each controverting affidavit relied upon Section 9 of Article 1995, Vernon's Ann.Civ.St. A joint brief was filed on behalf of appellant and Gattis, but in the brief it is conceded that the order overruling the plea as to Gattis was a proper order.

In substance it is claimed by appellant that while the plea of privilege was properly overruled as to Gattis, that the record fails to show that appellant Reynolds, the owner of said truck and the employer of Gattis, was present at the time of the accident or at the time the truck was left on the highway, or that he knew that same was to be left upon the highway under the circumstances, or that he in any way aided or abetted the crimes and offenses of Gattis in leaving the truck in the manner he left same.

The exception relied on by appellee to retain venue is Section 9, which was amended in 1947, Art. 1995 R.S., and reads: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, whether committed by the defendant or by his agent or representative, or in the county where the defendant has his domicile."

Appellee made request on appellant for certain admissions. Three and four were as follows: That on December 21, 1949, defendant Jimmie Gattis was driving a truck belonging to defendant Herman Reynolds on State Highway 44 between Freer, Texas, and San Diego, Texas; that defendant Jimmie Gattis was acting for, as agent and employee of defendant Herman Reynolds in driving said truck on said highway on said date; that at said time and place said defendant Jimmie Gattis was acting within the scope and course of such agency and employment. Appellant's reply to requests 3 and 4 was in the affirmative, that is, an admission that at the relevant time and on the relevant occasion defendant Jimmie Gattis was acting as the agent and employee of defendant Herman Reynolds. It is contended by appellant that it was not shown or alleged that Gattis was an agent or representative of appellant.

■ Prior to the amendment of 1947 to Section 9 of Art. 1995 it was the established law that a master or principal could not be held to have committed a crime or trespass within a county where such principal or employer did not actively participate in such crime or trespass. Thomas v. Meyer, Tex.Civ.App., 168 S.W.2d 681; Mercer v. McCurley, 142 Tex. 197, 176 S.W.2d 923. In our opinion the amendment to Section 9 was perhaps made in response to the holding of the Supreme Court in Mercer v. McCurley, supra.

Since the passage of this amendment it has been uniformly held that venue as to the principal may be maintained for the crime or trespass of his agent or employee. Safety Convoy Co. v. Potts, Tex.Civ.App., 214 S.W.2d 680; Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476; Utz v. Michael, Tex.Civ.App., 227 S.W.2d 597; Yearwood v. Nichols, Tex.Civ.App., 230 S.W.2d 313; R. G. Duke & Son v. Burk, Tex.Civ.App., 233 S.W.2d 617.

■ In our opinion an employee acting within the course of his employment is an agent or representative within the meaning of the 1947 amendment to Section 9 of Article 1995.

It is ordered that the judgment of the trial court be in all things affirmed.