# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00203-CV

---

**In re Commitment of Thomas W. Foster**

---

**FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY**
**NO. 19-1047-C26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Following a jury trial, the trial court adjudged Thomas W. Foster a sexually violent predator (SVP) and civilly committed him for sex offender treatment and supervision. *See generally* Tex. Health & Safety Code §§ 841.001–.153 (providing for civil commitment of SVPs) (the SVP Act). Under the SVP Act, a person is an SVP "if the person: (1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a). A person is a "repeat sexually violent offender" if "the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses." *Id.* § 841.003(b). A "sexually violent offense" includes, among other offenses, indecency with a child under section 21.11(a)(1) of the Texas Penal Code and "an offense under the law of another state . . . that contains elements substantially similar to the elements" of the enumerated Texas offenses that constitute sexually violent offenses. *Id.* § 841.002(8)(A), (G); *see also* Tex. Penal Code § 21.11(a)(1) (including as "Indecency With a Child" offense "engag[ing] in sexual contact with the child or caus[ing] the

child to engage in sexual contact" or "with intent to arouse or gratify the sexual desire of any person: (A) expos[ing] the person's anus or any part of the person's genitals, knowing the child is present; or (B) caus[ing] the child to expose the child's anus or any part of the child's genitals" "regardless of whether the person knows the age of the child at the time of the offense"). In a single issue on appeal, Foster challenges the legal sufficiency of the evidence supporting the finding that he is a repeat sexually violent offender. For the following reasons, we affirm.

At trial, Foster's counsel stated in her opening that Foster admitted and will testify that "in 1978 he did plead guilty to lewd and lascivious act against a child under the age of 15" and that "he pled guilty in 1986 to aggravated sexual assault against a child" and "was sentenced to 40 years in prison." Consistent with his counsel's representation, Foster admitted during trial testimony that:

- he was arrested "for a sexual offense against a boy" after he "perform[ed] oral sex" twice on a nine-year-old boy and "forced [his] finger into [the boy's] anus," was "convicted of lewd and lascivious acts with a child under 15 years," and was "sentenced to 5 to 15 years in prison," serving seven years in prison in Arizona before being released and moving to Texas; and

- he was arrested in Texas after putting his mouth on a nine-year-old boy's penis, was convicted of aggravated sexual assault, and was sentenced to 40 years in prison, a sentence that he has not yet discharged as he is currently on mandatory supervision parole, having been released a few months before trial.

Court records related to the offenses were admitted without objection, including the Arizona court judgment, which stated, "the defendant is guilty of the crime of Count II, Lewd & Lascivious Acts with a Child Under the Age of 15 years, a felony, committed on Sept. 30, 1978."

After the State rested, Foster moved for a directed verdict, arguing that "the State has not met their burden of proof in this case," which the trial court denied. Foster's counsel

2

then stated that Foster would not be putting on a case and would be resting. The State then moved for a partial directed verdict as follows:

> [STATE'S COUNSEL]: Yes, Your Honor. The petitioner would move for a directed verdict as to the first element, whether Mr. Foster is a repeat sexually violent offender. There is—the evidence does not raise a fact issue, and reasonable minds can draw only one conclusion from the evidence, that Mr. Foster has been convicted of more than one sexually violent offense and a sentence has been imposed for at least one of those offenses. The evidence was presented in the form of Mr. Foster's testimony that he was convicted and incarcerated for these offenses as well as the pen packets, indictments, criminal judgments related to his convictions.
>
> THE COURT: And just so we're all on the same page and the record is clear, you're referring to Petitioner's Exhibits 1, 2 and 3, 4.
>
> [STATE'S COUNSEL]: And 4.
>
> THE COURT: And 4. [Foster's Counsel]?
>
> [FOSTER'S COUNSEL]: Well, we think the jury is here and the jury should be the one to determine the elements of the case, and we would ask that the decision go to the jury.
>
> THE COURT: The directed verdict is granted.

The jury charge instructed that "[t]he Court has granted a directed verdict" that Foster "has been convicted of more than one sexually violent offense and a sentence was imposed for at least one of the offenses" and that therefore Foster "is a 'repeat sexually violent offender' under the law." The sole question presented to the jury was "Do you find beyond a reasonable doubt that THOMAS W. FOSTER is a sexually violent predator?" The jury returned a unanimous finding of "yes." The trial court then rendered final judgment consistent with the verdict and ordered that Foster be civilly committed for treatment and supervision. Foster moved for a new trial,

3

raising four points of error,[1] including a general point of error, "The evidence was legally and factually insufficient to support a finding beyond a reasonable doubt that Respondent is a sexually violent predator." The trial court denied the motion, and Foster now appeals.

In a single issue on appeal, Foster argues that "[t]he Arizona offense of Lewd and Lascivious Acts (with a Child) is not 'substantially similar' to an enumerated Texas sexually violent offense." Foster argues that the statutory phrase "substantially similar" is ambiguous and proposes a novel interpretation of the phrase to mean "in relation to substance" rather than following other court's interpretation of the phrase. *See Fisk v. State*, 574 S.W.3d 917, 922–23 (Tex. Crim. App. 2019) (altering "substantially similar" test for purpose of enhancement to mean "high degree of likeness"); *In re Commitment of K.H.*, 609 S.W.3d 247, 250 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (applying *Fisk* test in review of "repeat sexually violent offender" finding). Thus, Foster asserts, "[t]he Arizona statute addresses a *mens rea* of specific intent to bring about a result not at all discussed in either Texas statute"[2] and the evidence of the Arizona offense is therefore legally insufficient to support the finding that Foster was a "repeat sexually violent offender." The State responds that Foster did not preserve this issue for appellate review and that even if the issue was preserved, Foster's definition of "substantially similar" is contrary to state law. *See Fisk*, 574 S.W.3d at 922–23; *In re Commitment of K.H.*, 609 S.W.3d at 250.

---

[1] The other three points of error are not at issue on appeal.

[2] For example, Foster notes that the Arizona statute requires that the lewd or lascivious act be committed "willfully" and "with the intent of arousing" "sexual desires" while section 21.11(a)(1) of the Texas Penal Code prohibits the conduct "regardless of whether the person knows the age of the child at the time of the offense." Foster then argues that "the content of the elements of these statutes lacks similarity of substance" because "[t]he Arizona statute addresses a *mens rea* of specific intent to bring about a result not at all discussed in [the] Texas statute."

In the trial court, Foster did not specifically challenge whether the offense under Arizona law constitutes a "sexually violent offense" and never argued that the elements of the Arizona law prohibiting lewd and lascivious acts with a child are not substantially similar to the elements of the relevant Texas law. In fact, the language and elements of the Arizona law were never provided to or discussed in the trial court; rather, the Arizona judgment merely provided that Foster was guilty of "Lewd & Lascivious Acts with a Child Under the Age of 15 years, a felony." Moreover, the trial court was never asked to take judicial notice of the Arizona law.

In the absence of proof of or a request for judicial notice of the Arizona law prohibiting lewd and lascivious acts with a child, the trial court could have presumed that the Arizona law is the same as the Texas law that prohibits indecency with a child, which would have made Foster's offense under Arizona law covered by the SVP Act's definition of "sexually violent offense." *See* Tex. Penal Code § 21.11(a)(1) ("Indecency With a Child"); Tex. Health & Safety Code § 841.002(8)(A), (G) (defining "sexually violent offense" to include "an offense under the law of another state . . . that contains elements substantially similar to the elements" of "an offense under Section . . . 21.11(a)(1) . . . Penal Code"); *Coca-Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 685 (Tex. 2006) ("Texas courts *can* presume that the determinative law of another state is the same as Texas law absent proof or argument to the contrary[.]"); *In re Commitment of Williams*, No. 02-17-00133-CV, 2018 WL 771962, at *2 (Tex. App.—Fort Worth Feb. 8, 2018, no pet.) (mem. op.) (noting that trial court "could have sua sponte judicially noticed the New Jersey Statute under which Williams was convicted" but "even if it did not, we presume that New Jersey's sexual assault law is identical to Texas's"); *see also* Tex. R. Evid. 202 (providing for process of taking judicial notice of another state's law).

5

Foster's sufficiency challenge on appeal is dependent on this Court taking judicial notice of the Arizona law to overcome this presumption in determining whether the elements of the Arizona law are "substantially similar" to the elements of the enumerated Texas offenses that constitute sexually violent offenses.[3] But we cannot conclude that Foster preserved this issue for appellate review. "Generally, a no-evidence objection directed to a single jury issue is sufficient to preserve error without further detail." *Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 387 (Tex. 2008). But "stock objections may not always preserve error," and "the cardinal rule for preserving error is that an objection must be clear enough to give the trial court an opportunity to correct it." *Id.* at 387–88 (citing Tex. R. Civ. P. 321; *Barron v. James*, 198 S.W.2d 256, 260 (Tex. 1946)); *see* Tex. R. Civ. P. 322; Tex. R. App. P. 33.1.

By failing to request judicial notice of the Arizona law and failing to argue or provide any information to the trial court that the elements of the Arizona and Texas laws were not substantially similar, Foster's general no-evidence point of error did not present an objection "clear enough to give the trial court an opportunity to correct" the alleged erroneous directed verdict based on the substantial similarity of the Texas and Arizona laws. *See Arkoma Basin*, 249 S.W.3d at 387–88. Given the implied presumption that the trial court was permitted to make, legally sufficient evidence supported the challenged finding in the trial court absent evidence rebutting the presumption. In light of Foster's failure to challenge this presumption in the trial court, Foster's legal sufficiency challenge did not satisfy "the cardinal rule for preserving error" as to his sole appellate issue of whether the offense under the Arizona law constitutes a "sexually violent offense." *See id.*; *cf. City of Houston v. Precast Structures, Inc.*,

---

[3] Foster admits in his appellate brief "that there was not substantial compliance with Texas Rule of Evidence 202" but then notes "this Court may sua sponte take judicial notice of another state's law" and requests that we take judicial notice of the Arizona law.

60 S.W.3d 331, 335 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("[A] motion for new trial fails to preserve a legal sufficiency argument for review if the argument urged on appeal was not raised in the motion or otherwise during trial."). We therefore overrule Foster's issue on appeal and affirm the judgment of the trial court.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   March 4, 2022